CASUALTY INSURANCE COMPANY, Plaintiff-Appellant, v. KENDALL ENTERPRISES, INC., *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—97—1502

Opinion filed March 6, 1998.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and David N. Larson, of counsel), for appellant.

Marszalek & Marszalek, of Chicago (Steven A. Globis and James J. Marszalek, of counsel), for appellees.

JUSTICE QUINN delivered the opinion of the court:

Plaintiff, Casualty Insurance Company, filed a complaint for declaratory judgment against defendants Kendall Enterprises, Inc. (Kendall), and Kendall's employee, Arthur Bastyr, claiming that it had cancelled Kendall's workers' compensation policy and therefore was not obligated to defend Kendall or pay benefits to Bastyr. The circuit court granted defendant Arthur Bastyr's motion to dismiss. Plaintiff contends on appeal that the trial court "erroneously deferred resolution of this insurance coverage dispute" to the Illinois Industrial Commission (Commission).

The record on appeal consists of one volume of common law record, which establishes the following. Plaintiff issued a workers' compensation and employer's liability insurance policy to Kendall, with effective dates from November 1, 1991, through November 1, 1992. Following an injury on September 16, 1992, Bastyr filed with the Commission an application for adjustment of claim for workers' compensation benefits against Kendall under case No. 93—WC—46263. He also filed other applications for adjustment of claim, in No. 93—WC—37819 naming plaintiff as Kendall's insurer, and naming others who may have been liable if plaintiff was not the workers' compensation carrier for Kendall. The matters were consolidated and the parties appeared at an arbitration hearing before the Commission held on December 30, 1993, March 29, 1994, and March 30, 1994.

The Commission's arbitrator issued a decision on April 20, 1995, and a "corrected" decision on June 22, 1995, finding the following. Bastyr, who received accidental injuries arising out of his employment when he fell from planks into the basement of a home under construction, was an employee of Kendall. Bastyr was temporarily totally disabled for 75 weeks as a result. The parties were operating under the jurisdiction of the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1996)).

Kendall entered into a contract to perform carpentry work at the Harbor Ridge Development in Zion, Illinois. The contractor employing Kendall received a certificate of insurance from Kendall showing that Kendall was covered by a workers' compensation insurance policy in effect from November 1, 1991, through November 1, 1992. An agreed stipulation of facts between the contractor and plaintiff established that plaintiff issued policy No. WC—91—033962 to Kendall, and a copy of the certificate of insurance showing workers' compensation coverage was issued by plaintiff to the contractor on behalf of the insured Kendall.

At the hearing, plaintiff presented the testimony of employee

Nancy Petroski, who was in charge of issuing, terminating and cancelling insurance policies. A copy of the notice of cancellation of the policy because of nonpayment of premiums which was sent to Kendall was produced with attached proof of mailing. It was stipulated that a notice of cancellation was received by the insurance agent, American Insurance Agency. Petroski testified that after a cancellation is typed, a copy is kept for their file and a copy is sent to the National Council on Compensation Insurance (NCCI). The NCCI was the agent of the Commission which compiled and monitored insurance information. Petroski's log of cancelled policies, prepared for internal company use, included Kendall's. Her records contained a "notice of the cancellation that should be sent to the NCCI." On cross-examination, Petroski admitted that she did not see the notice mailed and did not have personal knowledge that a notice of cancellation of the policy was mailed to or received by the NCCI. Additionally, her file did not contain a stamped copy of a receipt of notice of cancellation by the NCCI nor did plaintiff have a standard practice in place to verify the receipt by the NCCI of a notice of cancellation.

The deposition testimony of Jeanne Whitlock, customer service manager at the NCCI, established that she was familiar with the policies in place for an insurance company to file a policy after it was written and for filing a notice of cancellation of a policy. After an "exhaustive search" of all NCCI data bases and microfilms pursuant to subpoena, Whitlock did not find either an original filing of the policy or a notice of any filing of a cancellation.

The arbitrator concluded that plaintiff could not provide conclusive proof of receipt of a notice of cancellation by the NCCI as required by the statute. The arbitrator determined that under the strict standard to which an insurance company is held when it attempts to cancel a policy for the nonpayment of a premium, plaintiff's evidence did not establish that Kendall's policy was cancelled pursuant to the Act and Commission rules. Thus, because plaintiff did not properly cancel its workers' compensation policy, it remained jointly liable with Kendall for benefits to Bastyr.

The arbitrator found the following facts in support of his decision that Kendall was insured by plaintiff under the Act. The Act states that such insurance shall not be cancelled or terminated until at least 10 days after receipt by the Commission of notice of its cancellation or termination. See 820 ILCS 305/4(b) (West 1996). Industrial Commission Rule 7100.50 states that no termination notice shall be accepted by the Commission or the NCCI unless filed on a form prescribed and furnished by those agencies. Such notice shall contain the carrier name, NCCI carrier code, insured's name and address,

federal identification number, the number and effective dates of the policy, and the reason for termination. See 50 Ill. Adm. Code § 7100.50 (1996).

The arbitrator also found that Kendall's delay in payment was unreasonable and ordered Kendall to pay $2,500 in penalties. The arbitrator determined that Bastyr was entitled to $357.20 per week for a period of $75^6/7$ weeks for his temporary disabling condition, which had "not yet reached a permanent condition" pursuant to the Act. Kendall was to pay the further sum of $16,268.65 for necessary medical, surgical and hospital services.

The arbitrator found in addition that plaintiff was guilty of "unreasonable and vexatious conduct" by offering in writing to pay Bastyr $4,466.66 in consideration for delaying the hearing of his case. Plaintiff had not paid the agreed-upon sum at the time of the hearing. Plaintiff was ordered to pay $13,903.62 as a penalty for its conduct, and attorney fees of $2,780.20. The arbitrator's decision of June 22, 1995, concluded that unless a petition for review was filed with the Commission within 30 days, the decision would be entered as the decision of the Commission.

Plaintiff filed a complaint for declaratory judgment in the circuit court of Cook County on March 29, 1996, claiming that it was not liable under its policy WC—91—33962 for Bastyr's claim "pending as cause No. 91 WC 8403 in the Illinois Industrial Commission" and was not liable for benefits to Bastyr regarding the September 16, 1992, accident. Plaintiff alleged that it cancelled Kendall's insurance policy for nonpayment of premium effective June 3, 1992, mailed notification of the cancellation to Kendall's insurance agent and to the NCCI. Plaintiff attached a copy of the notice of cancellation forwarded to Kendall and a copy of the notice of cancellation allegedly forwarded to the NCCI.

Defendant Bastyr filed a motion to dismiss the complaint pursuant to section 2—619 of the Civil Practice Law (735 ILCS 5/2—619 (West 1996)), claiming that plaintiff had been made a party to case No. 93—WC—37819 before the Commission, and had appeared, presented evidence and defended the coverage issue. Questions of fact had already been determined by the Commission which established plaintiff's liability for claims. Defendant stated that petitions for review had been filed and were pending before the Commission and attached an order of the Commission setting a briefing schedule listing filing dates of May 15, 1996, and 15 days following for responses. Defendant contended therefore that although the circuit court had primary jurisdiction, it should decline to grant declaratory relief and the matter should be referred to the Commission for findings.

The court granted defendant's motion to dismiss plaintiff's complaint and denied plaintiff's motion for reconsideration. Plaintiff appeals, contending the court erred. Plaintiff characterizes the issue as a question of law which the court should have determined. Defendant contends that the Commission properly determined the question of fact, plaintiff's improper cancellation, which resolved the issue.

■ A reviewing court will determine the propriety of the granting of a motion to dismiss *de novo. Toombs v. City of Champaign*, 245 Ill. App. 3d 580, 583 (1993). The purpose of a motion to dismiss under section 2—619 of the Civil Practice Law (735 ILCS 5/2—619 (West 1996)) is to dispose of issues of law and easily proved issues of fact at the outset of a case. *Zedella v. Gibson*, 165 Ill. 2d 181, 185 (1995). The question on appeal is "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993).

■ The circuit court and the Commission had concurrent jurisdiction over questions arising under the Act. See *Employers Mutual Cos. v. Skilling*, 163 Ill. 2d 284, 287 (1994). Under the doctrine of primary jurisdiction, a court should refer a matter to an administrative agency when it has special expertise to help resolve the controversy or where there is a need for uniform standards. *Skilling*, 163 Ill. 2d at 288-89. A ruling on a question of law, which could "foreclose needless litigation," is best addressed by the circuit court. *Skilling*, 163 Ill. 2d at 289.

■ Despite plaintiff's contention that its complaint for declaratory judgment presented a question of law and did not raise a question of fact, the complaint asserted that plaintiff cancelled Kendall's policy and mailed notification of the cancellation to Kendall, to Kendall's insurance agent, "and to the NCCI." The complaint stated that plaintiff had no duty to defend Kendall or provide any workers' compensation benefits to Bastyr because the policy had been cancelled before Bastyr's injury. These issues had been decided against plaintiff by the Commission's arbitrator following a hearing at which plaintiff presented evidence and attempted to defend its position. In effect, plaintiff is actually contesting the administrative findings of fact regarding this issue, which were properly determined by the Commission. See *Textile Maintenance v. Industrial Comm'n*, 263 Ill. App. 3d 866, 870 (1994); see also *Parro v. Industrial Comm'n*, 167 Ill. 2d 385, 396 (1995) (Commission's role is to judge credibility, weigh evidence, draw appropriate inferences and accept one party's evidence); *Gano Electric Contracting v. Industrial Comm'n*, 260 Ill. App. 3d 92,

95 (1994) (on review, all findings of Commission including whether a notice was timely will not be disturbed unless against the manifest weight of the evidence); *Rush-Presbyterian-St. Luke's Medical Center v. Industrial Comm'n*, 258 Ill. App. 3d 768, 772, 774 (1994) (Commission's findings of fact given great deference).

This case is procedurally distinct from *Skilling*, where the Commission had not made factual findings regarding the issue and, unlike plaintiff in our case, the insurance company contested the authority or jurisdiction of the Commission to hear the case. See *Employers Mutual Cos. v. Skilling*, 256 Ill. App. 3d 567, 569-70 (1994). Here, plaintiff's complaint contained assertions of fact regarding whether it had effectively cancelled Kendall's insurance policy. The Commission had held a hearing over several days, heard evidence and issued findings of fact contrary to plaintiff's position. In addition, the cause was still pending on review before the Commission when plaintiff filed its complaint. Thus, we find no error in the court's dismissal of plaintiff's complaint for declaratory judgment.

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

GREIMAN and ZWICK, JJ., concur.