DIXIE SLOVER, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Xenia Manufacturing, Inc., Appellee).

Fifth District (Industrial Commission Division)   No. 5—97—0939WC

Opinion filed November 5, 1998.

Thomas C. Rich, of Rich, Nalefski & Dowling, P.C., of Fairview Heights, for appellant.

Carl Kessinger, of Evans & Dixon, of St. Louis, Missouri, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant Dixie Slover appeals from a decision of the circuit court of Jefferson County dismissing her petition against Xenia Manufacturing (Xenia) pursuant to section 19(g) of the Workers' Compensation Act (Act) (820 ILCS 305/19(g) (West 1996)), for lack of jurisdiction. The circuit court held that the stamp of the Industrial Commission (Commission) was insufficient to make the copy of the settlement agreement certified, as is required for circuit court jurisdiction under section 19(g) of the Act. We affirm.

On November 13, 1994, Slover suffered accidental injuries arising out of her employment with Xenia. She filed a claim for workers' compensation and an application for adjustment of her claim. On July 29, 1996, Slover and Xenia entered a settlement contract that obligated Xenia to pay all of Slover's outstanding medical bills.

On October 31, 1996, Slover filed a petition pursuant to section 19(g) of the Act in the circuit court, alleging Xenia had failed to pay all of her outstanding medical bills. A standardized form settlement contract was filed with the circuit court, bearing a stamp which reads: "APPROVED and CERTIFIED pursuant to 48 IL Rev. Stat. 138.14." The stamp also includes signatures of the members of the Commission and the arbitrator.

■ On March 26, 1997, Xenia filed a motion to dismiss pursuant to section 2—619(a)(1) of the Civil Practice Law (735 ILCS 5/2—619(a)(1) (West 1996)), arguing the circuit court lacked jurisdiction under section 19(g) of the Act because Slover failed to file a certified copy of the settlement contract, as is required by the Act (820 ILCS 305/19(g) (West 1996)). On October 9, 1997, the motion to dismiss was granted. A reviewing court will determine the propriety of the granting of a motion to dismiss *de novo*. *Casualty Insurance Co. v. Kendall Enterprises, Inc.*, 295 Ill. App. 3d 582, 586, 692 N.E.2d 752, 755 (1998).

■ The circuit court granted Xenia's motion to dismiss the section 19(g) petition for lack of jurisdiction because Slover failed to present a certified copy of the settlement contract at issue. The issue on appeal is whether the stamp on the settlement contract was sufficient to meet the certification requirements of section 19(g), which provides, in pertinent part:

"[E]ither party may present a *certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final*, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall enter a judgment in accordance therewith." (Emphasis added.) 820 ILCS 305/19(g) (West 1996).

Providing a certified copy of the relevant document is a jurisdictional requirement, requiring strict compliance, and proof of the certified copy must affirmatively appear in the record. See *Evans v. Corporate Services*, 207 Ill. App. 3d 297, 302, 565 N.E.2d 724, 728 (1990). The court's inquiry is limited to a determination of whether the requirements of section 19(g) have been met. *Ahlers v. Sears, Roebuck Co.*, 73 Ill. 2d 259, 268, 383 N.E.2d 207, 211 (1978).

Both parties agree section 19(g) requires the complainant to present a certified copy of the settlement contract to the circuit court.

■ The parties also agree that the copy of the settlement contract attached to the petition, which is found in the appellate record, is a copy of a stamped document and was not itself stamped. The parties dispute whether Slover may amend the appellate record to demonstrate that an original document bearing this stamp was presented to the trial court. Because we hold that an original copy of the settlement agreement bearing this stamp would still not meet the certification requirements of section 19(g) of the Act, the proposed amendment to the record would not affect the outcome, and the motion to supplement is denied.

■ The statutory provision for certifying documents is found in section 14 of the Act, which provides, in pertinent part:

> "The Commission shall provide itself with a seal for the authentication of its orders, awards and proceedings upon which shall be inscribed the name of the Commission and the words 'Illinois—Seal'.
>
> The Secretary or Assistant Secretary, under the direction of the Commission, shall have charge and custody of the seal of the Commission and also have charge and custody of all records, files, orders, proceedings, decisions, awards and other documents on file with the Commission. He shall furnish certified copies, under the seal of the Commission, of any such records, files, orders, proceedings, decisions, awards and other documents on file with the Commission as may be required. Certified copies so furnished by the Secretary or Assistant Secretary shall be received in evidence before the Commission or any Arbitrator thereof, and in all courts, provided that the original of such certified copy is otherwise competent and admissible in evidence." 820 ILCS 305/14 (West 1996).

The *Evans* court stated:

> "The legislature has seen fit to make the presentation of a certified copy of the final award or decision a condition precedent to the entry of judgment. We believe that the language of the statute is plain and that there is no room for construction. A certified copy of a document is one signed and certified as a true copy by the officer to whose custody the original is entrusted. (*People v. Fiddler* (1968), 102 Ill. App. 2d 319, 325, 243 N.E.2d 515, *rev'd on other grounds* (1970), 45 Ill. 2d 181, 258 N.E.2d 359.) No such certified copy appearing to have been filed with petitioner's application and made part of the record, we conclude that a threshold requirement of the statute has not been followed. Therefore, the trial court was without authority to enter judgment on the award." *Evans*, 207 Ill. App. 3d at 302-03, 565 N.E.2d at 728.

■ In this case, the stamp is not sufficient to certify a copy under

these standards. As an initial matter, the stamp does not contain the words "Illinois—Seal." Second, the stamp does not contain the signature of the custodian of the Commission's records, as is required by *Evans*. Slover argues the agreement is certified because it contains the signature of the arbitrator, the person to whom the settlement contract was submitted (see 50 Ill. Adm. Code § 7070.10(d) (1997)). The arbitrator clearly has the authority to approve settlements (50 Ill. Adm. Code § 7070.10(d) (1997)), and the stamp was sufficient to indicate approval. However, under section 14, the Secretary or Assistant Secretary is required to provide the certified copy. A certified copy has to be signed by one of these two officers, because they are made the custodians of all documents on file with the Commission (820 ILCS 305/14 (West 1996)).

Slover argues the Commission intended the stamp to certify copies. She notes the use of the word "certified" in the stamp and that the reference to section 14 on the stamp demonstrates this intent. However, the stamp does not meet the requirements in a section 19(g) proceeding and cannot be used to provide certified copies, regardless of the intent of the Commission. In the context of a section 19(g) proceeding, the stamped settlement contract in this case is not a document signed and certified as a true copy by the officer in whose custody the original is entrusted. Our decision does not concern the validity of the settlement contract.

For all of the above reasons, we affirm.

Motion denied; judgment affirmed.

RAKOWSKI, COLWELL, and HOLDRIDGE, JJ., concur.

JUSTICE RARICK, dissenting:

I write this dissent because once again the majority is elevating form over substance and depriving needlessly a claimant of her rights under the Act. Clearly, the Commission intended the stamp to certify copies or else the stamp would not have used the word "certified" in its text or included the signatures of the arbitrator and the six commissioners and chairman of the Commission. The majority relies on *Evans v. Corporate Services*, 207 Ill. App. 3d 297, 565 N.E.2d 724 (1990), to support a contrary holding. I have no quarrel with *Evans*, but *Evans* presents a different factual situation altogether and has no application in this instance. No type of certified copy was ever filed in *Evans*. Here we have a "certified" copy, as represented by the stamp, timely filed. Accordingly, I believe that claimant complied with all necessary statutory requirements and that the circuit court had jurisdiction over claimant's application for entry of judgment.