# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Hastings Mutual Insurance Co. v. Ultimate Backyard, LLC*, 2012 IL App (1st) 101751

---

| | |
|---|---|
| Appellate Court Caption | HASTINGS MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. ULTIMATE BACKYARD, LLC, NATIONAL COUNCIL ON COMPENSATION INSURANCE, INC., and JAVIER VASQUEZ, Defendants-Appellees. |
| District & No. | First District, Fourth Division<br>Docket Nos. 1-10-1751, 1-10-3001 cons. |
| Filed | February 9, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a workers' compensation claim where the workers' compensation insurer filed a declaratory judgment action seeking an order that it was not responsible for coverage because the policy had been cancelled, the trial court abused its discretion in dismissing the insurer's action and denying its motion to stay the workers' compensation proceedings, since the interpretation of section 4(b) of the Workers' Compensation Act, which dictates the proper procedure for cancelling an insurance policy, does not require the specialized expertise of the Illinois Workers' Compensation Commission and it is a question of law best answered by the trial court. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-07232; the Hon. Richard J. Billik, Jr., Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Rusin Maciorowski & Friedman, Ltd., of Chicago (Gregory G. Vacala, Theodore J. Powers, and Yvonnw M. O'Connor, of counsel), for appellant. |
|---|---|
| | Dykema Gossett PLLC (Harry N. Arger, Rosa M. Tumialán, and Sarah A. Smith, of counsel), and Brian J. McManus & Associates, Ltd. (Matthew J. Murphy, of counsel), both of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE LAVIN delivered the judgment of the court, with opinion. Justices Fitzgerald Smith and Pucinski concurred in the judgment and opinion. |

## OPINION

¶ 1    This appeal stems from the denial of a motion to stay proceedings and the granting of motions to dismiss. Hastings Mutual Insurance Company (Hastings Mutual) filed a complaint for declaratory judgment seeking an order that it was not responsible for an underlying workers' compensation claim between Javier Vasquez (Vasquez) and his employer, the Ultimate Backyard, LLC (Ultimate Backyard). The case ultimately turns on the issue of whether a notice of cancellation that was sent from Hastings Mutual to the National Council on Compensation Insurance conformed with the statutory requirements. Hastings Mutual appeals the denial of its motion to stay as well as the order granting appellees Vasquez's and Ultimate Backyard's motions to dismiss. We reverse and remand with directions for the lower court to stay the underlying workers' compensation claim until a decision is made by the court regarding the issue of insurance coverage.

¶ 2                                    BACKGROUND

¶ 3    Appellee Vasquez sustained a knee injury during the course of his employment with Ultimate Backyard. Soon after the incident, Vasquez filed a claim with the Illinois Workers' Compensation Commission (referred to hereinafter as IWCC or Commission) naming Ultimate Backyard and Hastings Mutual, as insurer of Ultimate Backyard, as respondents. Ultimate Backyard tendered its defense and indemnity to Hastings Mutual based on an insurance policy which was effective from April 18, 2007, to April 18, 2008. Under a reservation of rights, Hastings Mutual began providing temporary total disability (TDD) and medical benefits to Vasquez. Five months later, Hastings Mutual informed Ultimate Backyard that it was withdrawing its tentative acceptance and would deny coverage of the Vasquez claim. Hastings Mutual sought a declaratory judgment that it had no duty to defend or indemnify and also filed a motion to stay the underlying proceedings before the IWCC.

Appellees Vasquez and Ultimate Backyard each filed a motion to dismiss Hastings Mutual's complaint along with a response to the motion to stay.

¶ 4    Hastings Mutual's complaint asserted that it did not owe coverage to Ultimate Backyard, because the workers' compensation insurance policy had been cancelled and any duty to indemnify or defend was vitiated. Hastings Mutual argues that it complied with section 4(b) of the Workers' Compensation Act (820 ILCS 305/4(b) (West 2010)), the statute which controls the cancellation of workers' compensation policies, when it sent a notice of cancellation January 14, 2008, to Ultimate Backyard and the National Council on Compensation Insurance (NCCI). The notice informed the parties that the workers' compensation insurance policy would be cancelled effective 12:01 a.m. on April 18, 2008. Hastings Mutual maintains that the sole question before the court involves the statutory interpretation of whether it complied with section 4(b) of the Workers' Compensation Act when it sent the notice of cancellation to the NCCI. The NCCI is an organization which the IWCC contracted with to delegate some of its duties, including receiving and maintaining certificates of insurance and notices of termination of insurance coverage under section 4 of the Workers' Compensation Act. Hastings Mutual and the NCCI entered into an affiliation agreement in which the NCCI agreed to services that included transmitting Hastings Mutual insurance policy information to the IWCC.

¶ 5    The next month, Vasquez and the Attorney General's office, on behalf of the Injured Workers' Benefit Fund, proceeded with the workers' compensation claim by initiating a hearing before an IWCC arbitrator. Hastings Mutual claims that despite the fact that it never received proper notice or service and that neither it nor Ultimate Backyard participated in the arbitration, the arbitrator still ruled against Hastings Mutual on the issue of insurance coverage.

¶ 6    Shortly thereafter, the trial court ruled that Hastings Mutual's motion lacked convincing authority to enjoin the proceedings and that the motion to stay was moot in light of the decision already handed down by the IWCC arbitrator. In granting appellees' motions to dismiss without prejudice, the court held that the IWCC had valid authority to decide the coverage issue. Hastings Mutual then filed its second amended complaint that named the NCCI as a defendant for the first time. All three appellees, Vasquez, Ultimate Backyard and the NCCI, filed motions to dismiss. Appellees' motions to dismiss argued that the issue before the court involved factual determinations and that the IWCC had both the authority and expertise to best handle such determinations. Furthermore, the appellees maintained that the arbitrator's decision already adjudicated the issue of insurance coverage. Soon thereafter, Hastings Mutual filed a third amended complaint in order to add facts specific to its claims against the NCCI; this complaint was again followed by the NCCI filing a motion to dismiss.

¶ 7    Before a ruling was made on Hastings Mutual's complaint and appellees' motions to dismiss, the IWCC entered a decision vacating Vasquez's previous *ex parte* workers' compensation arbitration award. Following this dismissal, Vasquez again filed a claim with the IWCC, asking an arbitrator to adjudicate his workers' compensation claim as well as the coverage issue between Hastings Mutual and Ultimate Backyard. Hastings Mutual once more filed a motion in the circuit court to stay or sever the IWCC proceedings as they related to the insurance coverage issue. On June 30, 2010, the lower court denied Hastings Mutual's

motion to stay. Hastings Mutual filed a timely interlocutory appeal on this issue.

¶ 8 Undeterred and with the reversal of the initial IWCC arbitrator's decision in hand, Hastings Mutual filed a motion in the circuit court to strike appellees' motions to dismiss, arguing that their motions were supported by the IWCC arbitrator's decision. On August 18, 2008, the circuit court conducted a hearing on appellees' three motions to dismiss, Hastings Mutual's complaint for declaratory action and all of the replies. The court granted the motions of appellees Vasquez and Ultimate Backyard based on the doctrine of primary jurisdiction, holding that there are several factual questions that needed to be determined and that the matter was already being properly resolved in another forum, the IWCC. Ultimately, the court held that the issue as to whether Hastings Mutual properly cancelled the workers' compensation liability policy, which could have an impact on Vasquez's ability to recover if he prevails on his workers' compensation claim, is a matter that is uniquely suited to the specialized and/or technical expertise of the IWCC. Last, the court dismissed Hastings Mutual's claims against the NCCI, finding the claims to be premature. The court held that Hastings Mutual may attempt to replead a legally sufficient claim that is ripe for adjudication against the NCCI within 30 days of an award by the arbitrator in the underlying workers' compensation action or the decision of the Commission, if an appeal is taken by any party. Hastings Mutual filed a timely appeal of the order granting Ultimate Backyard's and Vasquez's motions to dismiss.

¶ 9 Finally, we note that appellee Ultimate Backyard did not file an appearance or a brief on any of the issues before this court.

¶ 10                                    ANALYSIS

¶ 11 This is a consolidated appeal which consists of: (1) an appeal of the June 23, 2010, denial of Hastings Mutual's motion to stay IWCC proceedings (all three appellees, Ultimate Backyard, the NCCI and Vasquez, are a party to this motion); and (2) Hastings Mutual's appeal of the August 18, 2010, order granting Ultimate Backyard's and Vasquez's motions to dismiss with prejudice. There was no final dismissal order entered on August 18, 2010, with regard to the NCCI's motion to dismiss. It is worth noting that the arguments and issues raised throughout Hastings Mutual's complaint for declaratory judgment and its subsequent motions to stay as well as appellees' motions to dismiss are essentially the same: is the question being asked in the lower court one of fact or law? It is undisputed that the circuit court and the IWCC have concurrent jurisdiction over workers' compensation matters. Hastings Mutual argues that there are only two ways in which the IWCC can have primary jurisdiction over this matter. Either the legislature must have divested the circuit court of its jurisdiction or the IWCC must be able to provide a specialized or technical expertise that would help resolve the controversy. Hastings Mutual cites case law which states that the legislature did not divest the court of jurisdiction over the interpretation of an insurance contract nor does such an interpretation require the expertise of an administrative agency. Appellees maintain that the issue presented is factual and cite a line of authority that confers factual decisions to the Commission. Thus, our review of the motion to stay and motions to dismiss will involve the same question: is the issue presented a question of fact that should

be decided by the Commission or one of law that should be decided by the trial court?

¶ 12                                      Motions to Dismiss

¶ 13      As a primary matter, we note that neither Ultimate Backyard nor Vasquez specifies which section of the Illinois Code of Civil Procedure that their motions to dismiss were filed under. It appears through a reading of the order that the lower court interpreted appellees' motions to dismiss as a combination of a section 2-615 (735 ILCS 5/2-615 (West 2010)) and section 2-619 (735 ILCS 5/2-619 (West 2010)). The lower court also never specifically stated on which grounds that it granted appellees' motions. The Illinois Code of Civil Procedure specifically deals with this issue in section 2-619.1 (735 ILCS 5/2-619.1 (West 2010)), which states that motions with respect to pleadings under section 2-615 and motions for involuntary dismissal under section 2-619 may be filed together as a single motion in any combination. 735 ILCS 5/2-619.1 (West 2010). A combined motion, however, shall be in parts. 735 ILCS 5/2-619.1 (West 2010). Each part shall be limited to and shall specify that it is made under section 2-615 or 2-619. 735 ILCS 5/2-619.1 (West 2010). Each part shall also clearly show the points or grounds relied upon under the section on which it is based. 735 ILCS 5/2-619.1 (West 2010). To that extent, we also note that the supreme court has regularly admonished parties that fail to distinguish whether their motions to dismiss were made pursuant to section 2-615 or 2-619, "[m]eticulous practice dictates that a lawyer specifically designate whether her motion to dismiss is pursuant to section 2-615 or section 2-619. [Citations.] The failure to do so may not always be fatal, but reversal is required if prejudice results to the nonmovant." *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 484 (1994). We will reluctantly review appellees' motions to dismiss through the lens used by the lower court, which recognized and conducted both a section 2-615 and section 2-619 analysis.

¶ 14      A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint by alleging defects on the face of the complaint. *Id.* at 493. A section 2-615 motion provides that a pleading or portion thereof may be stricken because it is substantially insufficient in law. *Keating v. 68th & Paxton, L.L.C.*, 401 Ill. App. 3d 456, 463 (2010). A court considering whether to grant or deny a section 2-615 motion to dismiss must determine whether the allegations of the complaint and all reasonable inferences therefrom, when considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81 (2004). The court must consider all facts that are apparent on the face of the pleadings, which includes any exhibits attached thereto. *Dloogatch v. Brincat*, 396 Ill. App. 3d 842, 846-47 (2009). The court does not consider nor does the motion raise any affirmative factual defenses. *Maxon v. Ottawa Publishing Co.*, 402 Ill. App. 3d 704, 712 (2010). A cause of action will not be dismissed on the pleadings unless it clearly appears that the plaintiff cannot prove any set of facts that will entitle it to relief. *Board of Directors of Bloomfield Club Recreation Ass'n v. Hoffman Group, Inc.*, 186 Ill. 2d 419, 424 (1999).

¶ 15      Hastings Mutual frames its argument as asking the lower court to merely interpret a statute and insurance contract. This is the type of issue that the circuit court is well versed in and not the type of question that requires the expertise of the IWCC. Hastings Mutual

contends that this case should merely involve comparing the cancellation notice which was sent to the NCCI with the statute which dictates the proper procedure that an insurance company takes when cancelling an insurance policy. Section 4(b) of the Workers' Compensation Act states in pertinent part:

> "The insurance so certified shall not be cancelled or in the event that such insurance is not renewed, extended or otherwise continued, such insurance shall not be terminated until at least 10 days after the receipt by the Illinois Workers' Compensation Commission of notice of cancellation or termination of said insurance[.]" 820 ILCS 305/4(b) (West 2010).

Hastings Mutual argues that it complied perfectly with the statute when it sent the notice of cancellation to the IWCC. It further contends that there is no question of fact regarding receipt of the notice because the IWCC logged the notice in its system and put its unique coding on the cancellation form indicating the date the form was received. Hastings Mutual argues that this case should merely involve having the lower court determine an issue of *law*. It asks for the lower court to make a determination, based on a reading of the relevant statute, what constitutes receipt of notice. Hastings Mutual argues for the lower court to make a determination if the NCCI is even allowed to reject a notice of cancellation.

¶ 16 Hastings Mutual further contends that this case is analogous to *Employers Mutual Cos. v. Skilling*, 163 Ill. 2d 284 (1994), where the supreme court was asked to determine the scope of the IWCC's and the circuit court's jurisdiction over the interpretation of a workers' compensation policy. *Skilling* involved an employee who filed workers' compensation claims. The employer's insurance company contended that its policy only provided coverage for injuries occurring in Wisconsin and because the employee's injuries occurred in Illinois, it had no obligation to defend or indemnify. *Id.* at 285-86. The insurance company also filed a suit for declaratory action in the circuit court seeking an order that it had no obligation to the employee or the employer. *Id.* at 286. The supreme court held that the courts of Illinois have original jurisdiction over all justiciable matters. *Id.* at 287. The court stated that the legislature may vest exclusive original jurisdiction to an administrative agency, but it must do so explicitly through a comprehensive statutory administrative scheme, and that the Workers' Compensation Act is insufficient to divest the circuit courts of jurisdiction. *Id.* The court went on to hold that under the doctrine of primary jurisdiction, "a matter should be referred to an administrative agency when it has a specialized or technical expertise that would help resolve the controversy, or when there is a need for uniform administrative standards." *Id.* at 288-89. The court held that the circuit court should not have declined to resolve the insurance coverage dispute, ultimately finding that questions of law, such as the one presented, are questions that the circuit court was meant to handle. *Id.* at 289. Hastings Mutual urges this court to adopt the reasoning found in *Skilling* and find that the question before the lower court is an issue of law that does not require the expertise of the IWCC.

¶ 17 Appellee Vasquez argues that the IWCC is expressly authorized to resolve insurance coverage questions. Vasquez concedes that the circuit court shares concurrent jurisdiction with the IWCC. While Vasquez also cites to *Employers,* he maintains that the circuit court only has paramount jurisdiction if the complaint raises issues of law. Vasquez further argues that the existence of concurrent jurisdiction does not deprive the circuit court of discretion

to determine that the factual issues are best left before the IWCC. *Keating*, 401 Ill. App. 3d 456; *Residential Carpentry, Inc. v. Kennedy*, 377 Ill. App. 3d 499, 502 (2007). Vasquez characterizes Hastings Mutual's argument as asking the circuit court to decide a *fact* question in a workers' compensation case regarding the Illinois Workers' Compensation Act and the Illinois Insurance Code's (215 ILCS 5/143.17 (West 2010)) notice requirement. Vasquez states that Hastings Mutual is not proposing a question of law but is in fact asking the court to make factual determinations regarding what date Hastings Mutual provided notice to NCCI of the cancellation of the insurance policy. He argues that notice of cancellation of an insurance policy is fundamentally a question of fact. Vasquez also takes issue with Hastings Mutual's failure to state in its brief that the original notice of cancellation Hastings Mutual submitted had been rejected and returned by the NCCI and was not resubmitted until seven months later. He argues that these factual questions are at the heart of the case and are best handled by the IWCC. Vasquez further contends that *Skilling* is distinguishable from the present case, because *Skilling* only presented a question of law while here we are presented with questions of fact.

¶ 18        Vasquez supports his position by arguing that this jurisdictional issue has already been decided in *Casualty Insurance Co. v. Kendall Enterprises, Inc.*, 295 Ill App. 3d 582 (1992). In *Kendall*, the insurance company filed a declaratory judgment seeking an order that it was not obligated to defend employer or pay benefits to employee in a pending workers' compensation dispute. *Id*. at 583. *Kendall* hinged on whether the insurance company had properly cancelled the insurance policy. At an IWCC hearing, an employee of the insurance company provided testimony that she did not see nor did she have personal knowledge that the notice of cancellation had been mailed to or received by the NCCI. *Id*. at 583-84. An employee of the NCCI testified that after an exhaustive search of its entire database, it did not find either an original filing of the policy or a notice of any filing of cancellation. *Id*. at 584. The arbitrator found in favor of employee and employer, concluding that the insurance company could not "provide conclusive proof of receipt of a notice of cancellation by the NCCI as required by the statute." *Id*. After the IWCC arbitrator rendered its decision, the insurance company filed a declaratory judgment action in the circuit court. *Id*. at 585. Employer and employee filed motions to dismiss, which the lower court granted. *Id*. at 585-86. On appeal this court affirmed the decision, holding that despite the insurance company's attempt to frame the issue as a question of law, the insurance company's declaratory action was merely contesting the administrative findings of fact by the IWCC. *Id*. at 586. *Kendall* went on to distinguish itself procedurally from *Skilling* in two ways. First, in *Skilling* the IWCC had not made any factual findings, and second, the insurance company in *Skilling* contested the authority or jurisdiction of the IWCC to hear the case. *Id*. at 587.

¶ 19        This court is unpersuaded by Vasquez's argument and finds that the present case is easily distinguishable from the facts of *Kendall*. First, Hastings Mutual affirmatively states on the record that it sent notice of cancellation to the NCCI. Furthermore, Hastings Mutual asserts, and appellees do not rebut, that the notice of cancellation was not only received by the NCCI but was also logged into its system and stamped by the NCCI's unique date coding system. Second, the relevant facts in *Kendall* that distinguish its holding from *Skilling* are present in the case *sub judice*, namely, Hastings Mutual's contesting the authority and/or the

jurisdiction of the IWCC to hear the underlying workers' compensation claim as well as the IWCC not yet making any factual findings.

¶ 20     The lower court also conducted a section 2-619 analysis in its order granting Vasquez's and Ultimate Backyard's motions to dismiss. An appeal from a section 2-619 dismissal is the same in nature as one following a grant of summary judgment. *Carroll v. Paddock*, 199 Ill. 2d 16, 22 (2002). In both instances, the reviewing court must ascertain whether the existence of a genuine issue of material fact should have precluded the dismissal, or absent such an issue of fact, whether dismissal is proper as a matter of law. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 178 (2007). A section 2-619 motion admits the legal sufficiency of the pleadings and raises defects, defenses, or other affirmative matters that act to defeat the claim. *Keating*, 401 Ill. App. 3d at 463. In ruling on a section 2-619 motion, the lower court may take under consideration all pleadings, affidavits and other proof presented by the parties. *People v. Philip Morris, Inc.*, 198 Ill. 2d 87, 90 (2001). On appeal, a court must determine whether there is a genuine issue of material fact, which should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law. *Carroll*, 199 Ill. 2d at 22.

¶ 21     A section 2-619(a)(3) motion specifically applies in cases where there is another action pending between the same parties for the same cause. Under section 2-619(a)(3), it is the movant's burden to demonstrate by clear and convincing evidence that the two actions involve the same cause and the same parties. *Hapag-Lloyd (America), Inc. v. Home Insurance Co.*, 312 Ill. App. 3d 1087, 1091 (2000). Even in the case where the movant has established both the same cause and parties, the lower court retains discretion to grant or deny the motion; section 2-619(a)(3) relief is not mandatory. *Id.*; *Kendall*, 295 Ill. App. 3d at 586. Finally, the trial court must also consider the potential prejudice to the nonmovant if the motion is granted versus the policy of avoiding duplicative litigation. *Kapoor v. Fujisawa Pharmaceutical Co.*, 298 Ill. App. 3d 780, 785-86 (1998).

¶ 22     Motions to dismiss are generally reviewed *de novo*, due to the fact that they typically do not require the lower court to determine credibility or weigh the facts present in the case. *Hapag-Lloyd (America), Inc.*, 312 Ill. App. 3d at 1090. This is not the case with section 2-619(a)(3), where the motion in fact urges the trial court to weigh several factors in order to make the determination of whether it is appropriate for an action to proceed. *Id*. Due to this weighing of evidence by the lower court, motions to dismiss under section 2-619(a)(3) are reviewed under an abuse of discretion standard, the required alternative. *Id*. at 1091.

¶ 23     While a majority of the analysis on this motion has been fleshed out above, we find that *Kendall*, 295 Ill. App. 3d 582, is particularly instructive on this issue. There this court held that "[t]he circuit court and the Commission had concurrent jurisdiction over questions arising under the Act." *Id*. at 586. The court went on to state that based on the doctrine of primary jurisdiction, a circuit court should refer a matter to the appropriate administrative agency when that agency has a special expertise that would help resolve the controversy or where there is a need for a uniform standard. *Id*. The court also stated, however, that the circuit court should rule on questions of law when it could " 'foreclose needless litigation.' " *Id*.

¶ 24                                    Motion to Stay

¶ 25        The last issue on appeal in this case is whether the lower court properly denied Hastings
           Mutual's motion to stay, which asked the lower court to halt proceedings before the IWCC
           until the circuit court made a decision regarding insurance coverage. As a threshold matter,
           appellees contend that this court does not have jurisdiction over Hastings Mutual's appeal
           regarding the denial of its motion to stay. Appellees argue that the stay order does not qualify
           as an injunction and does not qualify as an appealable interlocutory order under Illinois
           Supreme Court Rule 307(a). Ill. S. Ct. R. 307(a) (eff. Feb. 26, 2010). Appellees contend that
           there is no constitutional right to appeal from interlocutory orders and, therefore, this court
           lacks appellate jurisdiction over the stay order. They argue that a stay order does not qualify
           as an injunction under Rule 307(a), maintaining that the stay order merely related to the
           circuit court's inherent right to control its own docket, which are the types of orders that are
           not subject to interlocutory appeal. Furthermore, appellees contend that nowhere in Hastings
           Mutual's complaint did it plead the elements necessary to obtain an injunction such as
           hardship or irreparable harm.

¶ 26        Appellees rely on *Short Brothers Construction, Inc. v. Korte & Luitjohan Contractors,
           Inc.*, 356 Ill. App. 3d 958 (2005), which dealt with whether an order by the trial court
           referring a case to mediation was subject to appeal under Rule 307(a). *Short Brothers* held
           that the substance of the mediation order was to streamline the judicial process, which is
           clearly related to the circuit court's authority to control its own docket, and thus, was not
           appealable as an injunction under Rule 307(a). *Id.* at 960. *Short Brothers* further held that
           whether an order constitutes an appealable injunction is determined by the substance rather
           than the form of the order. *Id.* Appellees contend that this point further strengthens their
           contention that the stay order was administrative, not injunctive, regardless of how it was
           labeled.

¶ 27        Hastings Mutual argues that the denial of the stay order was implicitly a denial of
           injunctive relief. Hastings Mutual also relies on *Short Brothers* for the propositions that the
           term "injunction" is to be construed broadly and actions of the circuit court which have the
           effect and force of injunctions are appealable, regardless of what the motion or order is
           called. *Id.*

¶ 28        Despite the numerous cases cited by Hastings Mutual and appellees, this court finds
           numerous decisions that are dispositive on the issue. "Courts have treated the denial of a
           motion to stay as a denial of a request for a preliminary injunction." *Lundy v. Farmers
           Group, Inc.*, 322 Ill. App. 3d 214, 216 (2001). "A stay is considered injunctive in nature, and
           thus an order granting or denying a stay fits squarely within Rule 307(a)." *Rogers v. Tyson
           Foods, Inc.*, 385 Ill. App. 3d 287, 288 ( 2008). "The denial of a stay by a trial court is treated
           as a denial of a request for a preliminary injunction, which is appealable under Rule
           307(a)(1)." *Beard v. Mount Carroll Mutual Fire Insurance Co.*, 203 Ill. App. 3d 724, 727
           (1990). Thus, this court has jurisdiction to hear the appeal of the lower court's order denying
           the motion to stay.

¶ 29        The standard of review in an appeal of a motion to stay is abuse of discretion. *Zurich
           Insurance Co. v. Raymark Industries, Inc.*, 213 Ill. App. 3d 591, 594 (1991). "In determining

whether the circuit court abused its discretion, this court should not decide whether it agrees with the circuit court's decision, but rather, should determine whether the circuit court acted arbitrarily without the employment of conscientious judgment or *** exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted." (Internal quotation marks omitted.) *Id*. at 594-95.

¶ 30     We first note that while the order denying Hastings Mutual's motion to stay appears in the record, the motion itself is not included in the appellate record and, therefore, cannot be considered. Any doubts that may arise from incompleteness of record will be resolved against appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). While the motion to stay is missing, the record does include a transcript of the in-depth hearing on the issue which will be ample for conducting a conclusive analysis. Hastings Mutual argues that the lower court should stop proceedings before the IWCC until the circuit court determines the issue of insurance coverage, which it believes is a question of law, and the circuit court, not the IWCC, is in the best position to address the issue. The appellees again contend that Hastings Mutual has presented a question of fact, which must be answered by the IWCC.

¶ 31     It is undisputed that the courts of Illinois have original jurisdiction over all justiciable matters. Ill. Const. 1970, art. VI, § 9. While the legislature generally cannot deprive circuit courts of this jurisdiction, an exception arises in administrative actions. The legislature may vest exclusive original jurisdiction in an administrative agency only when it has explicitly enacted a comprehensive statutory administrative scheme. *People v. NL Industries*, 152 Ill. 2d 82, 96-97 (1992). This court in *Skilling* held that the Workers' Compensation Act's pronouncement that "[a]ll questions arising under this Act *** shall *** be determined by the Commission" was insufficient to divest the circuit courts of jurisdiction and, therefore, the circuit court and the IWCC have concurrent jurisdiction." (Internal quotation marks omitted.) *Skilling*, 163 Ill. 2d at 287. The doctrine of primary jurisdiction provides that even when the circuit court has jurisdiction over a matter, it should, in some instances, stay the judicial proceedings pending referral of the controversy to an administrative agency. Referral of the matter is proper so long as the administrative agency has a specialized or technical expertise that would help resolve the controversy, or where there is a need for uniform administrative standards. *Id*. at 288-89; *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 445 (1986); *NL Industries*, 152 Ill. 2d at 95-96. We find that resolving the controversy at issue does not require the specialized expertise of the IWCC.

¶ 32     This court finds the facts of *Skilling* to be most analogous to the case at hand and, therefore, finds its reasoning to be instructive. The question that is posed by Hastings Mutual asks the lower court to interpret section 4(b) of the Workers' Compensation Act. Interpretation of a statute is a question of law, which is best answered by the circuit court and one that does not require the specialized expertise of the IWCC. Therefore, the IWCC does not have primary jurisdiction, and as stated in *Kendall,* when there is a ruling on a question of law that could foreclose needless litigation, it is best addressed by the circuit court. *Kendall*, 295 Ill App. 3d at 586. We find that this is the exact situation present before us.

¶ 33     For the above-mentioned reasons, we find that the lower court abused its discretion in granting appellees' motions to dismiss and denying Hastings Mutual's motion to stay. We, therefore, reverse and remand. We direct the lower court to stay the proceedings before the

IWCC on the underlying workers' compensation claim until it determines if the notice of cancellation that Hastings Mutual submitted to the NCCI met the statutory requirements of section 4(b) of the Workers' Compensation Act, relying on the undisputed fact that the NCCI logged and date stamped the notice of cancellation prior to its rejection.

¶ 34  Reversed and remanded.