# Illinois Official Reports

## Appellate Court

*West Bend Mutual Insurance Co. v. TRRS Corp.*, 2019 IL App (2d) 180934

| | |
|---|---|
| Appellate Court Caption | WEST BEND MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. TRRS CORPORATION, COMMERCIAL TIRE SERVICES, INC., and GARY BERNARDINO, Defendants (Gary Bernardino, Defendant-Appellant). |
| District & No. | Second District Nos. 2-18-0934, 2-18-1009 cons. |
| Filed | March 1, 2019 |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 18-MR-798; the Hon. Thomas A. Meyer, Judge, presiding. |
| Judgment | No. 2-18-0934, Reversed and remanded. No. 2-18-1009, Appeal dismissed. |
| Counsel on Appeal | Robert T. Edens, of Robert T. Edens, P.C., of Antioch, for appellant. Thomas F. Lucas and Kristin D. Tauras, of McKenna Storer, of Chicago, for appellee. |
| Panel | JUSTICE HUTCHINSON delivered the judgment of the court, with opinion. Justices Schostok and Spence concurred in the judgment and opinion. |

¶ 1    This consolidated interlocutory appeal concerns the propriety of a circuit court's order staying the proceedings on a claim filed before the Illinois Workers' Compensation Commission (IWCC). Plaintiff, West Bend Mutual Insurance Company (West Bend), filed a declaratory judgment action in the circuit court of McHenry County, seeking a ruling that it had no duty to defend or indemnify defendants TRRS Corporation (TRRS) and Commercial Tire Services, Inc. (Commercial Tire), against an IWCC claim filed by defendant Gary Bernardino. Shortly thereafter, West Bend filed an emergency motion in the circuit court, requesting a stay of the IWCC proceedings pending the resolution of the declaratory judgment action. Relying on the doctrine of primary jurisdiction, and over Bernardino's objection, the circuit court granted West Bend's motion and entered an order staying the IWCC proceedings. Pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), Bernardino filed an interlocutory appeal in case No. 2-18-0934. Bernardino subsequently filed a motion to vacate the circuit court's stay order. When the circuit court continued the hearing on the motion, Bernardino filed another Rule 307(a)(1) interlocutory appeal in case No. 2-18-1009. We granted Bernardino's motion to consolidate the two appeals. We now reverse the circuit court's stay order in appeal No. 2-18-0934, and we dismiss appeal No. 2-18-1009 for lack of jurisdiction.[1]

¶ 2                                I. BACKGROUND

¶ 3    The record reflects that Bernardino sustained an injury from a forklift accident in April 2017, during the course of his employment with TRRS and Commercial Tire (collectively the employers), which required him to undergo rotator cuff surgery. The accident occurred at the employers' facility located in Lake in the Hills, one of several such facilities that the employers operated throughout the state. According to West Bend, the employers chose to cover Bernardino's lost wages and medical expenses relating to his surgery without ever reporting the injury to West Bend. However, Bernardino later learned that he needed a follow-up surgery, prompting him to file an "Application for Adjustment of Claim" in the IWCC on March 29, 2018. More than five months later, on September 12, 2018, Bernardino filed a petition before the IWCC for an immediate hearing under section 19(b) of the Workers' Compensation Act (Act) (820 ILCS 305/19(b) (West 2016)) and for penalties for unreasonable and vexatious delay under sections 16 and 19(k) of the Act (*id.* §§ 16, 19(k)).

¶ 4    On October 2, 2018, West Bend filed a complaint for declaratory judgment in the circuit court of McHenry County. The employers and Bernardino were each named as defendants. West Bend alleged that it had written a workers' compensation insurance policy for the employers that would have covered Bernardino's IWCC claim if the employers had not violated the terms of the policy. West Bend alleged that, by failing to provide proper notice of Bernardino's injury and paying for the expenses related to the first surgery, the employers voluntarily decided to forgo coverage. Accordingly, West Bend sought a declaration that it

_____

[1] We note that, although TRRS and Commercial Tire have both filed appearances in this consolidated appeal, neither party has filed a brief.

had no duty to defend or indemnify the employers in connection with Bernardino's IWCC claim.

¶ 5 On October 5, 2018, the IWCC scheduled a hearing on Bernardino's petition, to take place on November 19, 2018. However, on October 9, 2018, West Bend filed an emergency motion in the circuit court to stay the IWCC proceedings until the declaratory judgment action was resolved. On October 12, 2018, before Bernardino filed a response and apparently without Bernardino's counsel present, the circuit court granted West Bend's emergency motion to stay the IWCC proceedings.

¶ 6 On October 25, 2018, Bernardino filed an emergency motion in the circuit court to vacate the stay order, arguing that the IWCC was the proper venue for a ruling on the coverage issue raised in West Bend's declaratory judgment action. West Bend filed a response relying largely on *Employers Mutual Cos. v. Skilling*, 163 Ill. 2d 284 (1994), and *Hastings Mutual Insurance Co. v. Ultimate Backyard, LLC*, 2012 IL App (1st) 101751. West Bend argued that, pursuant to *Skilling*, the circuit court had primary jurisdiction to rule on the legal issues raised in the declaratory judgment action. Furthermore, West Bend argued, *Ultimate Backyard* established that the circuit court should stay the IWCC proceedings until such a ruling was entered. In his reply, Bernardino asserted for the first time that West Bend's declaratory judgment action might be rendered moot, as he had reason to believe that the policy in question did not provide any coverage for the employers' Lake in the Hills location.

¶ 7 On November 1, 2018, the circuit court conducted a hearing and explained at the outset that it was vacating the stay order for the purpose of considering the arguments raised by Bernardino and West Bend. The court rejected Bernardino's argument that the IWCC was the proper venue for West Bend's insurance coverage dispute. Thus, the court ruled as follows:

> "I'm vacating the original order staying so that we could proceed with this hearing and I am—because I wanted to proceed on the merits. I thought procedurally that was appropriate, and—but I am now reinstating the stay after hearing the argument because I believe that this is ultimately a question of law and more appropriately brought before the court than the workers' compensation commission, and that this court has primary jurisdiction over the issue regarding the coverage following the clam of late notice."

The court proceeded to enter an order granting West Bend's emergency motion to stay the IWCC proceedings and scheduling a hearing for January 7, 2019, for status on the completion of written discovery.

¶ 8 On November 6, 2018, Bernardino filed a motion in the circuit court to vacate the stay order dated November 1, 2018. Aside from arguing that the stay was altogether improper, Bernardino stressed his theory that the late notice issue raised by West Bend was moot because the disputed policy did not cover the employers' Lake in the Hills location. Bernardino observed that, although the policy covered the employers' other Illinois locations, it did not specifically list the Lake in the Hills location. Bernardino argued that, at the very least, the stay should be "limited to the issue of determination of coverage based on notice, specifically [authorizing] the IWCC to make threshold determinations regarding the existence of coverage, but not to make findings of fact regarding notice being given to [West Bend]."

¶ 9 On November 8, 2018, Bernardino filed his notice of a Rule 307(a)(1) interlocutory appeal from the stay order dated November 1, 2018, in appellate case No. 2-18-0934.

¶ 10        Also on November 8, 2018, the circuit court conducted a hearing on Bernardino's motion to vacate the stay order dated November 1, 2018. West Bend refuted Bernardino's theory and maintained that, but for the late notice, coverage would indeed apply based on the "Locations" provision in the policy, which established that it applied to each of the employers' locations in Illinois. Undeterred, Bernardino asserted that he anticipated obtaining a certificate from the National Council on Compensation Insurance (NCCI), stating that its database contained no record of insurance being provided for the work site where he was injured. Bernardino argued that this would violate certain technical requirements under the Act for establishing the existence of insurance coverage and asserted that the issue should be decided by the IWCC. The court noted the conundrum of West Bend contesting an opponent's argument that furthered West Bend's own interests. The court indicated that, even if Bernardino obtained the aforementioned certificate, greater weight would likely be given to West Bend's position; *i.e.*, if West Bend did not prevail on its argument regarding the late notice, then coverage would indeed apply. The court was also reluctant to limit the terms of the stay, per Bernardino's alternative request, reasoning that West Bend would be placed "in limbo" if the IWCC proceedings continued before there was a ruling on the issue of coverage. The court decided that it was appropriate to continue Bernardino's motion to vacate the stay order dated November 1, 2018, stating as follows:

> "Where we're at right now, I think we have too many variables for us to do anything significant today other than to continue your motion to January 7th. We'll wait to see what reports you get, but I've told you the problems I have with relying on them."

¶ 11        On December 10, 2018, Bernardino filed his notice of a Rule 307(a)(1) interlocutory appeal from the continuance order dated November 8, 2018, in appellate case No. 2-18-1009. On December 12, 2018, Bernardino filed a motion to consolidate the two appeals, which we granted.

¶ 12                                    II. ANALYSIS

¶ 13        We begin with our independent duty to examine our own jurisdiction. *State Farm Mutual Automobile Insurance Co. v. Hayek*, 349 Ill. App. 3d 890, 892 (2004). Rule 307(a)(1) provides that an appeal may be taken from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). Our supreme court has held that the issuance of a stay of an administrative order pending judicial review constitutes an injunction for purposes of appeal under Rule 307(a)(1). *Marsh v. Illinois Racing Board*, 179 Ill. 2d 488, 496-97 (1997); see also *Rogers v. Tyson Foods, Inc.*, 385 Ill. App. 3d 287, 288 (2008) ("A stay is considered injunctive in nature, and thus an order granting or denying a stay fits squarely within Rule 307(a)."); *Lundy v. Farmers Group, Inc.*, 322 Ill. App. 3d 214, 216 (2001) ("Courts have treated the denial of a motion to stay as a denial of a request for a preliminary injunction.").

¶ 14        Here, the trial court's stay order dated November 1, 2018, is reviewable under Rule 307(a)(1), and Bernardino perfected his appeal in case No. 2-18-0934 by filing a notice of an interlocutory appeal within 30 days of the entry of the order. See Ill. S. Ct. R. 307 (eff. Nov. 1, 2017). We note that Bernardino's notice of an interlocutory appeal in case No. 2-18-1009 would also have been timely, despite being filed 32 days after the continuance order dated November 8, 2018, as the thirtieth day after the entry of the order fell on a Saturday. See

- 4 -

*Shatku v. Wal-Mart Stores, Inc.*, 2013 IL App (2d) 120412, ¶ 9. However, the continuance of a hearing on a motion to vacate a stay is not equivalent to the denial of the motion. *Oscar George Electric Co. v. Metropolitan Fair & Exposition Authority*, 104 Ill. App. 3d 957, 962 (1982). On November 8, 2018, the circuit court was clear that it was continuing, rather than denying, Bernardino's motion to vacate the stay order dated November 1, 2018, so that Bernardino could gather the anticipated materials from the NCCI. Accordingly, the order dated November 8, 2018, states only that Bernardino's motion was "entered and continued to January 7, 2018, at 9:00 a.m." Because the order did not grant, modify, refuse, dissolve, or refuse to dissolve or modify an injunction, it is not reviewable under Rule 307(a)(1). Case No. 2-18-1009 is therefore dismissed for lack of jurisdiction.

¶ 15    We now turn to the stay order dated November 1, 2018, in case No. 2-18-0934.[2] Ordinarily a circuit court's decision to grant or deny a motion to stay will not be overturned on appeal absent an abuse of discretion. *Sentry Insurance v. Continental Casualty Co.*, 2017 IL App (1st) 161785, ¶ 65; *TIG Insurance Co. v. Canel*, 389 Ill. App. 3d 366, 372 (2009). Under this standard, we consider whether the circuit court acted "arbitrarily without the employment of conscientious judgment or, in light of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted." *Allianz Insurance Co. v. Guidant Corp.*, 355 Ill. App. 3d 721, 730 (2005). Bernardino notes, however, that the circuit court made no factual findings in this case and instead determined that the stay was appropriate as a matter of law pursuant to the doctrine of primary jurisdiction. He thus requests *de novo* review. See *Continental Western Insurance Co. v. Knox County EMS, Inc.*, 2016 IL App (1st) 143083, ¶ 15 (reviewing *de novo* the issue of whether the circuit court properly applied the doctrine of primary jurisdiction).

¶ 16    We agree with Bernardino that our standard of review is *de novo*. Our supreme court has explained that the scope of review in an interlocutory appeal is normally limited to an examination of whether there was an abuse of discretion in granting or refusing the requested relief. *In re Lawrence M.*, 172 Ill. 2d 523, 526 (1996).

"However, where the question presented is one of law, a reviewing court determines it independently of the trial court's judgment. [Citation.] Moreover, to the extent necessary, a reviewing court may consider substantive issues in order to determine whether the trial court acted within its authority." *Id.*

¶ 17    The circumstances contemplated by *Lawrence M.* are present here. As we will explain, we agree with West Bend that, as a matter of law, the circuit court is the proper venue for its declaratory judgment action. However, by staying the IWCC proceedings, the circuit court erroneously applied the doctrine of primary jurisdiction. In doing so, the circuit court did not make any factual findings but, rather, followed the First District Appellate Court's holding in *Ultimate Backyard*, which we now decline to follow. Specifically, we disagree with the First District's holding that the doctrine of primary jurisdiction authorizes a circuit court to stay administrative proceedings. To the contrary, we interpret the doctrine to stand only for the proposition that a circuit court may, in certain circumstances, stay its own *judicial proceedings* pending the referral of a controversy to an administrative agency having

---

[2]We note that we granted West Bend's motion to strike certain portions of Bernardino's reply brief for raising new arguments in violation of Illinois Supreme Court Rule 341(j) (eff. Nov. 1, 2017).

specialized expertise over the disputed subject matter. Accord *Estate of Bass v. Katten*, 375 Ill. App. 3d 62, 68 (2007) (noting that a circuit court has the inherent authority to stay its own proceedings, based on factors such as the orderly administration of justice and judicial economy).

¶ 18    In *United States v. Western Pacific R.R. Co.*, 352 U.S. 59 (1956), the United States Supreme Court provided a detailed explanation of the principles underlying the doctrine of primary jurisdiction.

> "The doctrine of primary jurisdiction, like the rule requiring exhaustion of administrative remedies, is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties. 'Exhaustion' applies where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course. 'Primary jurisdiction,' on the other hand, applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; *in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views*." (Emphasis added.) *Id.* at 63-64.

¶ 19    In keeping with these principles, our supreme court has consistently held that, "[u]nder the doctrine of primary jurisdiction, when a court has jurisdiction over a matter, it should, on some occasions, *stay the judicial proceedings* pending referral of the controversy, or a portion of it, to an administrative agency having expertise in the area." (Emphasis added.) *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 2011 IL 111611, ¶ 43; see also *Segers v. Industrial Comm'n*, 191 Ill. 2d 421, 427 (2000); *People v. NL Industries*, 152 Ill. 2d 82, 95 (1992); *Board of Education of Warren Township High School District 121 v. Warren Township High School Federation of Teachers, Local 504*, 128 Ill. 2d 155, 162-63 (1989); *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 444 (1986) (each stating that the doctrine of primary jurisdiction allows for a stay of judicial proceedings pending referral of a controversy to an administrative agency). But here, the circuit court turned the doctrine of primary jurisdiction on its head by staying *administrative* proceedings pending the resolution of a legal issue in the circuit court. This inverse application might seem a logical and practical extension of the doctrine, but it conflicts with the underlying principles established in *Western Pacific*, as well as those that have since been articulated by Illinois courts.

¶ 20    "The doctrine of primary jurisdiction is a judicially created doctrine that is not technically a question of jurisdiction, but a matter of self-restraint and relations between the courts and administrative agencies." *Bradley v. City of Marion*, 2015 IL App (5th) 140267, ¶ 35. "No fixed formula exists for applying the doctrine of primary jurisdiction; rather, in every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation." *Village of Itasca v. Village of Lisle*, 352 Ill. App. 3d 847, 853 (2004). In considering whether the doctrine applies, courts must first determine whether the legislature has vested "exclusive original jurisdiction" over the disputed subject matter in an administrative agency. *Skilling*, 163 Ill. 2d at 287. If it cannot be shown that the legislature intended to deprive the circuit court of its jurisdiction over the disputed subject matter, then the circuit court shares

concurrent jurisdiction with the administrative agency. *NL Industries*, 152 Ill. 2d at 99. The question then becomes whether the circuit court should "stay the judicial proceedings pending referral of a controversy, or some portion of it, to an administrative agency having expertise in the area." *Skilling*, 163 Ill. 2d at 288. "Thus, under the doctrine a matter should be referred to an administrative agency when it has a specialized or technical expertise that would help resolve the controversy, or when there is a need for uniform administrative standards." *Kellerman*, 112 Ill. 2d at 445. "Conversely, when an agency's technical expertise is not likely to be helpful, or there is no need for uniform administrative standards, courts should not relinquish their authority over a matter to the agency." *Id.*

¶ 21    Here, the circuit court relied on *Skilling* in determining that it had primary jurisdiction over West Bend's declaratory judgment action. Although *Skilling* did not involve a request for a stay, the facts were otherwise similar to this case. After the employee filed his workers' compensation claims, the insurance provider filed a declaratory judgment action in the circuit court, asserting that it had no obligation to defend or indemnify the employer. The insurance provider argued that the policy did not apply because it provided coverage for injuries occurring only in Wisconsin and the employee's injury had occurred in Illinois. The employee moved to dismiss the declaratory judgment action, arguing that the circuit court was not the proper venue to resolve the coverage dispute. The circuit court dismissed the declaratory judgment action and the insurance provider appealed. *Skilling*, 163 Ill. 2d at 285-86.

¶ 22    Our supreme court in *Skilling* first considered whether jurisdiction was exclusive with the administrative agency or whether it was concurrent with that of the circuit court. If there was concurrent jurisdiction, then the issue became which forum's jurisdiction was "paramount." *Id.* at 286. The court observed that section 18 of the Act states: " '[a]ll questions arising under this Act, if not settled by agreement of the parties interested therein, shall, except as otherwise provided, be determined by the Commission.' " *Id.* (quoting 820 ILCS 305/18 (West 1992)); see also 820 ILCS 305/1(c) (West 2016) ("Commission" means the IWCC). The court held that, because there was no language specifically divesting the circuit court of its jurisdiction over the subject matter of the declaratory judgment action (the interpretation of an insurance policy), the circuit court and the IWCC shared concurrent jurisdiction. The question then became whether the doctrine of primary jurisdiction dictated that the circuit court, rather than the IWCC, was the proper venue for hearing the declaratory judgment action. *Skilling*, 163 Ill. 2d at 287. After discussing the principles underlying the doctrine of primary jurisdiction, the court ruled that the circuit court had erred in dismissing the declaratory judgment action, as the coverage dispute involved a question of law that was precisely within the scope of the declaratory judgment statute (see 735 ILCS 5/2-701 (West 1992)). *Skilling*, 163 Ill. 2d at 289. Thus, although the IWCC had concurrent jurisdiction to hear the dispute, "when the question of law was presented to the circuit court in the declaratory judgment suit, the jurisdiction of the circuit court became paramount." *Id.* at 290. Notably, the *Skilling* court said nothing about staying the proceedings before the IWCC pending the resolution of the declaratory judgment action in the circuit court.

¶ 23    In another case dealing with a similar issue, *Knox County*, after the employee's guardian filed a workers' compensation claim in Illinois, the insurance provider filed a declaratory judgment action in the circuit court, seeking a ruling that it had no duty to defend or indemnify the employer for claims filed outside Indiana. *Knox County*, 2016 IL App (1st)

- 7 -

143083, ¶ 6. The circuit court granted summary judgment in favor of the insurance provider and against the employer, determining that the policy did not comply with certain provisions of the Act and, thus, did not provide coverage for Illinois claims. *Id.* ¶¶ 9-10. The employer appealed, arguing that the circuit court's ruling should be vacated because the disputed provisions of the Act "should be originally interpreted by the [IWCC]," not by the circuit court. *Id.* ¶ 13. The appellate court followed *Skilling* in affirming the circuit court's ruling, stating:

> "As in *Skilling*, the declaratory judgment action at bar solely concerns the scope of coverage afforded in a workers' compensation insurance policy. The construction of [the] insurance policy is not a determination of the factual issues related to a determination of workers' compensation benefits, such as the nature or extent of the injury or the potential defenses to the workers' compensation claim. If it was, the circuit court would have no original jurisdiction in the case and the [IWCC] would have exclusive jurisdiction as it would be in a better position to draw on its special expertise to answer these questions." *Id.* ¶ 19.

¶ 24 Here, Bernardino does not argue that the circuit court lacks primary jurisdiction over the late notice issue raised by West Bend. He argues, however, that the issue he raised as to whether the West Bend policy covered the employers' Lake in the Hills location distinguishes this case from *Skilling* and *Knox County*. Bernardino maintains that, absent a certificate from the NCCI establishing the existence of coverage for the Lake in the Hills location, the IWCC's specialized expertise is needed to determine whether there were violations of the technical requirements under the Act for establishing the existence of coverage. We disagree. In the circuit court, West Bend acknowledged that there was no certificate from the NCCI establishing the existence of coverage for the Lake in the Hills location, but argued that this "inadvertent failure to report the location to [the] NCCI does not negate the existence or the legal effect of the West Bend policy." West Bend takes that same position in this appeal, arguing that the Lake in the Hills location was (but for the late notice issue) covered, based on the "Locations" provision in the policy, and that "[t]he fact that the location is not shown in the NCCI database does not negate the coverage." Thus, it is apparent that there are no disputed questions of fact with respect to the issue raised by Bernardino, but only a legal dispute as to whether a lack of compliance with the Act's technical requirements for certification with the NCCI serves to negate coverage that would otherwise apply. Following *Skilling* and *Knox County*, we hold that the circuit court was correct in determining that it had both concurrent *and* primary jurisdiction over the subject matter of West Bend's declaratory judgment action.

¶ 25 Having resolved that the circuit court shares concurrent jurisdiction with the IWCC, and that the jurisdiction of the circuit court is "paramount" (see *Skilling*, 163 Ill. 2d at 290), the issue now squarely before us is the propriety of the stay order dated November 1, 2018. As discussed, the circuit court agreed with West Bend that it should stay the IWCC proceedings, based on the First District's holding in *Ultimate Backyard*. We cannot fault the circuit court for following *Ultimate Backyard*, as it appears to be the only Illinois case that has considered whether, under the doctrine of primary jurisdiction, a circuit court may stay administrative proceedings pending the resolution of a legal dispute in the circuit court. See *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 539 (1992) ("A decision of the appellate court, though not binding on other appellate districts, is binding on the circuit courts throughout the

- 8 -

State."). However, because we decline to follow *Ultimate Backyard*, we nonetheless hold that the circuit court erred as a matter of law in staying the IWCC proceedings.

¶ 26    The reasoning in *Ultimate Backyard* was based largely on the holding in *Casualty Insurance Co. v. Kendall Enterprises, Inc.*, 295 Ill. App. 3d 582 (1998). In *Kendall*, an arbitrator from the IWCC issued a decision in favor of the employee after ruling that, because the insurance provider did not properly cancel its workers' compensation policy, it remained liable for benefits to the employee. However, within the 30-day period for filing a petition for review in the IWCC, the insurance provider filed a declaratory judgment action in the circuit court, claiming that it was not liable for any benefits to the employee because it had canceled the policy. *Id.* at 583-84. The employee filed a motion to dismiss the declaratory judgment action, conceding that the circuit court had primary jurisdiction over the disputed legal question but arguing that the doctrine should not be applied, because of the rulings that were already made by the IWCC. The circuit court granted the employee's motion to dismiss and the insurance provider appealed. *Id.* at 585-86.

¶ 27    The *Kendall* court noted that, pursuant to *Skilling*, "[t]he circuit court and the [IWCC] had concurrent jurisdiction over questions arising under the Act." *Id.* at 586. Next, the court rejected the insurance provider's contention that its declaratory judgment action presented a question of law and did not raise a question of fact, noting the insurance provider's assertion that it had canceled the employee's policy by mailing notifications of the cancellation to the employee, the employee's insurance agent, and the NCCI. The court observed that this disputed factual issue had already "been decided against [the insurance provider] by the [IWCC's] arbitrator following a hearing at which [the insurance provider] presented evidence and attempted to defend its position." *Id.* "In effect," the court reasoned, the insurance provider was "actually contesting the administrative findings of fact" that had already been made by the IWCC. *Id.* The court concluded:

> "This case is procedurally distinct from *Skilling*, where the [IWCC] had not made factual findings regarding the issue and, unlike plaintiff in our case, the insurance company contested the authority or jurisdiction of the [IWCC] to hear the case. [Citation.] Here, plaintiff's complaint contained assertions of fact regarding whether it had effectively cancelled [the employer's] insurance policy. The [IWCC] had held a hearing over several days, heard evidence and issued findings of fact contrary to plaintiff's position. In addition, the cause was still pending on review before the [IWCC] when plaintiff filed its complaint. Thus, we find no error in the court's dismissal of [the insurance provider's] complaint for declaratory judgment." *Id.* at 587.

¶ 28    In *Ultimate Backyard*, after the employees filed a claim with the IWCC, the insurance provider filed (1) a declaratory judgment action in the circuit court, asserting that it had no duty to defend or indemnify the employer in the IWCC proceedings, and (2) a motion in the circuit court to stay the IWCC proceedings. In its declaratory judgment action, the insurance provider argued that it had canceled the employer's policy in compliance with the relevant provisions of the Act. *Ultimate Backyard*, 2012 IL App (1st) 101751, ¶¶ 3-4. However, the circuit court granted the employees' motions to dismiss based on the doctrine of primary jurisdiction, concluding that certain factual questions would be more appropriately determined before the IWCC. *Id.* ¶ 8. The appellate court reversed, finding the facts of *Skilling* to be "most analogous" and noting that the circuit court was simply asked to interpret

the relevant sections of the Act in determining whether the insurance provider had canceled the policy. *Id.* ¶ 32. The court noted that the interpretation of a statute "is a question of law, which is best answered by the circuit court and one that does not require the specialized expertise of the IWCC." *Id.* The court concluded in pertinent part:

> "Therefore, the IWCC does not have primary jurisdiction, and as stated in *Kendall*, when there is a ruling on a question of law that could foreclose needless litigation, it is best addressed by the circuit court. *Kendall*, 295 Ill[.] App. 3d at 586. We find that this is the exact situation present before us.
>
> For the above-mentioned reasons, we find that the lower court abused its discretion in granting appellees' motions to dismiss and denying [the insurance provider's] motion to stay. We, therefore, reverse and remand. *We direct the lower court to stay the proceedings before the IWCC on the underlying workers' compensation claim* until it determines if the notice of cancellation that [the insurance provider] submitted to the NCCI met the statutory requirements of section 4(b) of [the Act], relying on the undisputed fact that the NCCI logged and date stamped the notice of cancellation prior to its rejection." (Emphasis added.) *Id.* ¶¶ 32-33.

¶ 29    Unlike the other cases discussed above, *Ultimate Backyard* is procedurally analogous to this case in that the insurance provider sought to stay the IWCC proceedings pending the resolution of a declaratory judgment action in the circuit court. However, to the extent that *Ultimate Backyard* relied on the doctrine of primary jurisdiction to stay the administrative proceedings, the case stands out as an anomaly. As can be seen, the *Ultimate Backyard* court directed the circuit court to enter the stay without recognizing that it was doing so based on the inverse application of the doctrine. Furthermore, we disagree with the *Ultimate Backyard* court that it was facing "the exact situation" that was faced by the *Kendall* court. See *id.* ¶ 32. The *Kendall* court simply affirmed the circuit court's dismissal of the insurance provider's declaratory judgment action. In distinguishing *Skilling*, the *Kendall* court noted that the insurance provider was not challenging the IWCC's jurisdiction to consider the disputed factual question; rather, the insurance provider was seeking to relitigate the factual dispute that the IWCC's arbitrator had already ruled upon in finding that the insurance provider was liable for benefits to the employee. The *Kendall* court further implied that, even if the arbitrator had not already ruled on it, the disputed factual question would have warranted a referral to the administrative agency. *Kendall*, 295 Ill. App. 3d at 586-87. Hence, by affirming the circuit court's dismissal of the declaratory judgment action, the *Kendall* court effectively prohibited the insurance provider from using the doctrine of primary jurisdiction as a mechanism for circumventing the administrative process. Certainly nothing in *Kendall*, or in any other case that we know of, implies that the doctrine authorizes a circuit court to stay the proceedings before an administrative body pending the resolution of a legal dispute in the circuit court.

¶ 30    We acknowledge that Bernardino has not challenged *Ultimate Backyard* on the grounds that we have identified as our basis for reversal. A reviewing court normally should not search the record for unargued and unbriefed reasons to reverse the circuit court's judgment, especially when it would have the effect of transforming its role from jurist to advocate. *Marconi v. City of Joliet*, 2013 IL App (3d) 110865, ¶ 18. We have no such concerns here. We did not search the record for a reason to reverse the circuit court. To the contrary, we noticed an error on the face of the order dated November 1, 2018, in which the circuit court

stayed the IWCC proceedings based on the doctrine of primary jurisdiction. " '[A] reviewing court does not lack authority to address unbriefed issues and may do so *** when a clear and obvious error exists in the trial court proceedings.' " *Mid-Century Insurance Co. v. Founders Insurance Co.*, 404 Ill. App. 3d 961, 966 (2010) (quoting *People v. Givens*, 237 Ill. 2d 311, 325 (2010)). Moreover, pursuant to Illinois Supreme Court Rule 366 (eff. Feb. 1, 1994), in exercising its responsibility for a just result, a reviewing court may decide a case on grounds not raised by the parties. *Gay v. Frey*, 388 Ill. App. 3d 827, 832 (2009).

¶ 31    We are not advocating for Bernardino in this case, but simply correcting a clear and obvious error in the circuit court proceedings that would otherwise produce a result that is contrary to well-established legal principles. The doctrine of primary jurisdiction establishes that, in cases raising issues of fact that are within an agency's expert and specialized knowledge, the judiciary's role is best exercised by deferring to the agency charged with regulating the subject matter. *Western Pacific*, 352 U.S. at 64-65. Accordingly, when a court has jurisdiction over a matter, there are instances where it should "stay the judicial proceedings pending referral of the controversy, or a portion of it, to an administrative agency having expertise in the area." *Crossroads*, 2011 IL 111611, ¶ 43. There is no fixed formula for applying the doctrine of primary jurisdiction, as in every case "the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation." *Village of Itasca*, 352 Ill. App. 3d at 853.

¶ 32    Here, the reasons for the existence of the doctrine of primary jurisdiction are not present, because there is no need to refer any specialized controversy to the IWCC. Furthermore, the purposes served by the doctrine will not be aided by its application in this case. The *Ultimate Backyard* ruling paves the way for insurance providers to rely on the doctrine to create procedural advantages for themselves. Here, West Bend has effectively relied upon *Ultimate Backyard* to stay the IWCC proceedings while it awaits a ruling from the circuit court as to whether it has an interest to defend before the IWCC. However, the doctrine of primary jurisdiction was not created for litigants to game the administrative system (see, *e.g.*, *Kendall*, 295 Ill. App. 3d at 586-87); it was created to promote "self-restraint and relations between the courts and administrative agencies" (*Bradley*, 2015 IL App (5th) 140267, ¶ 35). The circuit court reasoned that West Bend would be placed "in limbo" if the IWCC proceedings continued before there was a ruling on the issue of coverage. But if West Bend finds itself in limbo, it is by West Bend's own doing. Because the IWCC shares concurrent jurisdiction with the circuit court (see *supra* ¶ 25), West Bend could have argued the late notice issue before the IWCC and appealed to the circuit court upon the entry of an adverse ruling. It chose instead to bring the issue straight to the circuit court. While the doctrine of primary jurisdiction requires the circuit court to consider the issue, it does not provide that the administrative proceedings should be stayed pending its resolution.

¶ 33    During oral argument, Bernardino suggested that West Bend must satisfy the ordinary requirements for a preliminary injunction before the circuit court can stay the IWCC proceedings. To obtain a preliminary injunction, a party must show (1) a clearly ascertained right in need of protection, (2) an irreparable injury in the absence of an injunction, (3) no adequate remedy at law, and (4) a likelihood of success on the merits of the case. *Clinton Landfill, Inc. v. Mahomet Valley Water Authority*, 406 Ill. App. 3d 374, 378 (2010). We observe that similar requirements are included in section 3-111(a)(1) of the Administrative

- 11 -

Review Law (Law), which authorizes a circuit court, "upon notice to the agency and good cause shown, to stay the decision of the administrative agency in whole or in part pending the final disposition of the case." 735 ILCS 5/3-111(a)(1) (West 2016). For purposes of this subsection, "good cause" requires a showing that (1) an immediate stay is required in order to preserve the status quo without endangering the public, (2) it is not contrary to public policy, and (3) there exists a reasonable likelihood of success on the merits. *Id.* It is worth noting, however, that the Law applies to an administrative agency only "where the Act creating or conferring power on such agency, by express reference, adopts the provisions" of the Law. *Id.* § 3-102. Other courts have observed that the Act does not adopt the Law. *Dobbs Tire & Auto v. Illinois Workers' Compensation Comm'n*, 2018 IL App (5th) 160297WC, ¶ 17; *Farris v. Illinois Workers' Compensation Comm'n*, 2014 IL App (4th) 130767WC, ¶ 46; *Wal-Mart Stores, Inc. v. Industrial Comm'n*, 324 Ill. App. 3d 961, 966 (2001).

¶ 34        Because these issues have not been fully briefed or argued by West Bend, we take no position as to what procedures, if any, are available to West Bend if it seeks to renew its motion in the circuit court to stay the IWCC proceedings. However, we agree with Bernardino's argument that the nature of his section 19(b) petition, which seeks to determine only whether he is entitled to receive medical services, militates against staying the proceedings in the IWCC. The primary purpose of the Act is to "provide prompt and equitable compensation for employees who are injured while working, regardless of fault." *In re Estate of Dierkes*, 191 Ill. 2d 326, 331 (2000). Relevant here,

> "[w]hether the employee is working or not, if the employee is not receiving or has not received medical, surgical, or hospital services or other services or compensation ***, the employee may at any time petition for an expedited hearing by an Arbitrator on the issue of whether or not he or she is entitled to receive payment of the services or compensation." 820 ILCS 305/19(b) (West 2016).

"Expedited hearings shall have priority over all other petitions and shall be heard by the Arbitrator and Commission with all convenient speed." *Id.* We agree with Bernardino that it would contradict our legislature's clear intent to provide an expedited process for employees awaiting medical services if the process could be suspended while the employer and insurance provider dispute the issue of coverage in the circuit court.

¶ 35                                    III. CONCLUSION
¶ 36        The order of the circuit court of McHenry County staying the IWCC proceedings is reversed, and the cause is remanded for further proceedings.

¶ 37        No. 2-18-0934, Reversed and remanded.
¶ 38        No. 2-18-1009, Appeal dismissed.