# Illinois Official Reports

## Supreme Court

<div style="border:1px solid">

### *West Bend Mutual Insurance Co. v. TRRS Corp.*, 2020 IL 124690

</div>

| | |
|---|---|
| Caption in Supreme Court: | WEST BEND MUTUAL INSURANCE COMPANY, Appellant, v. TRRS CORPORATION *et al.* (Gary Bernardino, Appellee). |
| Docket No. | 124690 |
| Filed | January 24, 2020 |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of McHenry County, the Hon. Thomas A. Meyer, Judge, presiding. |
| Judgment | Appellate court judgment affirmed.<br>Circuit court judgment reversed.<br>Cause remanded. |
| Counsel on Appeal | Thomas F. Lucas, Kristin D. Tauras, and Kelly E. Purkey, of McKenna Storer, of Chicago, for appellant.<br><br>Robert T. Edens, of Robert T. Edens, P.C., of Antioch, for appellee.<br><br>Kurt A. Niermann, of Porro Niermann Law Group LLC, of Aurora, for *amicus curiae* Illinois Trial Lawyers Association. |

Justices     JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Burke and Justices Thomas, Garman, Karmeier, Theis, and Neville concurred in the judgment and opinion.

**OPINION**

¶ 1  This case requires us to address a disagreement in our appellate court on the proper application of the primary jurisdiction doctrine. Generally, that doctrine "provides that where a court has jurisdiction over a matter, it should in some instances stay the judicial proceedings pending referral of a controversy, or some portion of it, to an administrative agency." *Employers Mutual Cos. v. Skilling*, 163 Ill. 2d 284 (1994). Here, we must decide whether a circuit court may rely on the doctrine not to stay its own judicial proceeding but, instead, to enter an order staying an administrative proceeding in the Illinois Workers' Compensation Commission (IWCC).

¶ 2  On interlocutory appeal from the circuit court's order staying an IWCC proceeding, the Appellate Court, Second District, answered that question negatively. In relevant part, the appellate court disagreed with the First District's decision in *Hastings Mutual Insurance Co. v. Ultimate Backyard, LLC*, 2012 IL App (1st) 101751, that relied on the primary jurisdiction doctrine to direct the circuit court to enter an order staying an IWCC proceeding. 2019 IL App (2d) 180934, ¶ 29. Accordingly, the appellate court reversed the circuit court's stay order in this case and remanded for further proceedings. 2019 IL App (2d) 180934, ¶ 36.

¶ 3  For the following reasons, we affirm the judgment of the appellate court.

¶ 4           I. BACKGROUND

¶ 5  On October 2, 2018, plaintiff, West Bend Mutual Insurance Company (West Bend), filed in the circuit court of McHenry County a complaint for declaratory judgment against defendants, TRRS Corporation (TRRS), Commercial Tire Services, Inc. (Commercial Tire), and their employee, Gary Bernardino. As detailed below, this complaint led to extensive subsequent litigation, including an emergency motion to stay a pending IWCC proceeding, that resulted in the instant dispute.

¶ 6  In its declaratory judgment complaint, West Bend alleged that it issued a workers' compensation and liability insurance policy to TRRS and Commercial Tire, effective from June 20, 2016, to June 20, 2017. The policy required, in relevant part, that TRRS and Commercial Tire provide timely and proper notice of a covered worker's injury.

¶ 7  West Bend further alleged that on April 18, 2017, Bernardino was injured while working in the scope of his employment with TRRS and Commercial Tire. West Bend claimed, however, that TRRS and Commercial Tire did not timely report Bernardino's injury when it occurred "but chose to handle the injury itself and in the process paid Bernardino's lost wages and medical expenses relating to the April 18, 2017, injury" without West Bend's knowledge or permission.

- 2 -

¶ 8        West Bend first learned of Bernardino's injury on April 5, 2018, almost a year after his work-related injury. On April 10, 2018, West Bend sent TRRS and Commercial Tire a reservation of rights letter raising the issue of late notice. The letter also advised TRRS and Commercial Tire that West Bend would not reimburse them for any voluntary payments they made in connection with Bernardino's injury.

¶ 9        West Bend's complaint noted that Bernardino had filed an "application for adjustment of claim" with the IWCC. Bernardino also filed a separate negligence action in the circuit court seeking recovery for his personal injuries against several defendants, including his employers.

¶ 10        Ultimately, West Bend sought a judgment declaring that it did not have a duty to defend or indemnify TRRS and Commercial Tire in connection with Bernardino's workers' compensation claim or his personal injury lawsuit, both predicated on his April 18, 2017, work-related injury. West Bend argued that it was entitled to a declaratory judgment because TRRS and Commercial Tire failed to provide West Bend with reasonable notice of Bernardino's injury as required by its policy. West Bend further argued that TRRS and Commercial Tire made a "voluntary decision to forgo coverage for the claim." West Bend also sought a declaration that it was not obligated to indemnify TRRS and Commercial Tire for any payment made to Bernardino or on his behalf in connection with the April 18, 2017, injury because "these payments were made voluntarily by TRRS/Commercial Tire at their cost."

¶ 11        On October 9, 2018, a week after West Bend filed its complaint seeking a declaratory judgment, West Bend filed an emergency motion to stay a pending IWCC proceeding. In its emergency motion, West Bend informed the circuit court that Bernardino's pending workers' compensation case had been "set for trial" in the IWCC on November 19, 2018. This pleading and the circuit court's associated rulings are the focus of this appeal.

¶ 12        On October 12, 2018, the circuit court entered an *ex parte* order granting West Bend's emergency motion to stay Bernardino's IWCC proceedings. The court also scheduled a status hearing on the matter for October 26, 2018.

¶ 13        On October 25, 2018, Bernardino filed an emergency motion in the circuit court asking the court to vacate its October 12 stay order. Bernardino argued, in relevant part, that West Bend's declaratory judgment action alleged factual issues related to late or unreasonable notice by TRRS and Commercial Tire that were best resolved by the IWCC. Bernardino also argued that the circuit court should "exercise restraint and allow the IWCC to take jurisdiction." Bernardino asked the circuit court to vacate its October 12 stay order and enter an order staying West Bend's complaint for declaratory judgment pending resolution of his claim in the IWCC.

¶ 14        West Bend filed a response, relying largely on the primary jurisdiction doctrine and this court's decision in *Skilling*, 163 Ill. 2d 284. Under that authority, West Bend argued that the circuit court had primary jurisdiction to rule on the legal issue that West Bend raised in its declaratory judgment action. For additional support, West Bend cited the Appellate Court, First District, decision in *Hastings Mutual Insurance Co.*, 2012 IL App (1st) 101751, that reversed a trial court's order denying an insurance company's motion to stay a pending IWCC proceeding.

¶ 15        The circuit court set the matter for a hearing and granted Bernardino leave to file a reply to West Bend's response. In his reply, Bernardino argued for the first time that West Bend had not sufficiently proved that it had issued an insurance policy covering the worksite where he

- 3 -

was injured in Lake of the Hills, Illinois, precluding the circuit court from making a coverage determination.

¶ 16    On November 1, 2018, the circuit court conducted a hearing on Bernardino's emergency motion to vacate the order staying the IWCC proceeding. After disagreeing with Bernardino's position that the coverage dispute should be resolved by the IWCC, the court ruled as follows:

> "I'm vacating the original order staying [the IWCC proceeding] so that we could proceed with this hearing and I am—because I wanted to proceed on the merits. I thought procedurally that was appropriate, and—but I am now reinstating the stay after hearing the argument because I believe that this is ultimately a question of law and more appropriately brought before the court than the [IWCC], and that this court has primary jurisdiction over the issue regarding the coverage following the claim of late notice."

The court then entered an order granting West Bend's emergency motion to stay the pending IWCC proceeding and scheduled a hearing for January 7, 2019, for status on the completion of written discovery.

¶ 17    On November 6, 2018, Bernardino filed a motion in the circuit court to vacate the court's November 1 order staying the IWCC proceeding. In that motion, Bernardino reasserted his prior argument that there was a "threshold" factual question related to whether West Bend's insurance policy covered the Lake in the Hills worksite where he was injured. Bernardino informed the court that he filed a subpoena with the National Council of Compensation Insurance (NCCI) seeking a certification of the existence or nonexistence of insurance coverage by TRRS or Commercial Tire for his injuries.

¶ 18    Bernardino also argued that, even if there was insurance coverage, the circuit court and IWCC had concurrent jurisdiction over the parties' dispute and the circuit court should not enter a stay of the entire IWCC proceeding. Instead, Bernardino asserted that any stay issued by the circuit court should be "limited to the issue of determination of coverage based on notice, specifically [authorizing] the IWCC to make threshold determinations regarding the existence of coverage, but not to make findings of fact regarding notice being given to [West Bend]."

¶ 19    Two days later, on November 8, 2018, Bernardino filed a notice of a Rule 307(a)(1) interlocutory appeal from the circuit court's November 1 stay order in appellate case No. 2-18-0934.

¶ 20    Also on November 8, 2018, the circuit court conducted a hearing on Bernardino's motion to vacate the November 1 stay order. At that hearing, counsel for West Bend expressly rejected Bernardino's position that there was no insurance coverage for his injuries. West Bend explained that its policy with TRRS and Commercial Tire broadly applied to all their Illinois worksites and that, but for the late notice, coverage would apply to Bernardino's injuries.

¶ 21    Nonetheless, Bernardino continued to argue that West Bend failed to establish that its policy covered the worksite where he was injured. Bernardino informed the court that he anticipated obtaining a certificate from NCCI stating that its database contained no record of insurance for the Lake in the Hills worksite where he was injured.

¶ 22    After noting the unusual situation of Bernardino arguing that West Bend's insurance policy did not cover his injuries and West Bend arguing that its policy would cover his injuries, absent the late notice, the court decided to continue Bernardino's motion to vacate the order staying the IWCC proceeding until January 7 to give him time to obtain information from the NCCI.

- 4 -

¶ 23    On December 10, 2018, Bernardino filed a notice of a Rule 307(a)(1) interlocutory appeal from the court's November 8 order continuing his motion to vacate the stay in appellate case No. 2-18-1009. On December 12, 2018, Bernardino filed a motion to consolidate the two appeals, and the appellate court granted that motion.

¶ 24    On appeal, the appellate court first examined its jurisdiction over Bernardino's consolidated appeal, concluding that only Bernardino's interlocutory appeal (No. 2-18-0934) from the trial court's November 1, 2018, stay order was reviewable under Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017). Because Bernardino's second appeal (No. 2-18-1009) was from a ruling that merely continued his motion to vacate that stay order, the court determined that it was not reviewable under Rule 307(a)(1) and should, therefore, be dismissed. 2019 IL App (2d) 180934, ¶¶ 13-14.

¶ 25    Applying *de novo* review to the circuit court's application of the primary jurisdiction doctrine, the appellate court next determined that the circuit court's application of the doctrine to enter its order staying the IWCC proceeding was erroneous as a matter of law. Specifically, the appellate court "interpret[ed] the doctrine to stand only for the proposition that a circuit court may, in certain circumstances, stay its own *judicial proceedings* pending the referral of a controversy to an administrative agency having specialized expertise over the disputed subject matter." (Emphasis in original). 2019 IL App (2d) 180934, ¶ 17. The court disagreed with and rejected the decision in *Hastings Mutual Insurance Co.*, 2012 IL App (1st) 101751, that reached the opposite conclusion. 2019 IL App (2d) 180934, ¶ 29.

¶ 26    After rejecting *Hastings Mutual Insurance Co.*, the appellate court concluded that the circumstances did not justify applying the doctrine of primary jurisdiction. More to the point, the court explained that, "[w]hile the doctrine of primary jurisdiction requires the circuit court to consider [West Bend's late notice] issue, it does not provide that the administrative proceedings [in the IWCC] should be stayed pending its resolution." 2019 IL App (2d) 180934, ¶ 32.

¶ 27    Last, the appellate court addressed Bernardino's suggestion that West Bend was required to satisfy the ordinary requirements for a preliminary injunction before the circuit court could enter an order staying the IWCC proceedings. The appellate court, however, declined to consider the merits of that issue because it was not briefed or argued by West Bend. 2019 IL App (2d) 180934, ¶ 34.

¶ 28    The appellate court, therefore, reversed the circuit court's order staying the IWCC proceedings in case No. 2-18-0934 and remanded for further proceedings. The court dismissed the appeal in case No. 2-18-1009. 2019 IL App (2d) 180934, ¶¶ 36-38.

¶ 29    West Bend filed a petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. July 1, 2018). We allowed that petition. Additionally, we allowed the Illinois Trial Lawyers Association to file an *amicus curiae* brief in support of Bernardino's position. Ill. S. Ct. R. 345(a) (eff. Sept. 20, 2010).

¶ 30                                    II. ANALYSIS

¶ 31    The central issue disputed by the parties in this interlocutory appeal is whether the circuit court erred as a matter of law in relying on the primary jurisdiction doctrine to enter its order staying Bernardino's IWCC proceeding. As this court has explained, "in an interlocutory appeal, the scope of review is normally limited to an examination of whether or not the trial

- 5 -

court abused its discretion in granting or refusing the requested interlocutory relief." *In re Lawrence M.*, 172 Ill. 2d 523, 526 (1996); see also *Sentry Insurance v. Continental Casualty Co.*, 2017 IL App (1st) 161785, ¶ 65 (circuit court's ruling on a motion to stay will not be overruled on appeal absent an abuse of discretion); *Certain Underwriters at Lloyd's, London v. Boeing Co.*, 385 Ill. App. 3d 23, 36 (2008) ("In an interlocutory appeal from an order granting a motion to stay proceedings, the scope of review is limited to an examination of whether the circuit court abused its discretion in granting the stay.").

¶ 32    When, however, the interlocutory appeal involves a question of law, the reviewing court resolves that legal question independently of the trial court's judgment and, to the extent necessary, may consider substantive issues to determine whether the trial court acted within its authority. *In re Lawrence M.*, 172 Ill. 2d at 526. We agree with the appellate court's determination (2019 IL App (2d) 180934, ¶¶ 16-17) that such a situation exists here. Accordingly, we will review *de novo* the circuit court's reliance on the primary jurisdiction doctrine to enter the order staying Bernardino's pending IWCC proceeding because it involves a question of law. See *Stanphill v. Ortberg*, 2018 IL 122974, ¶ 31 (question of law is subject to *de novo* review).

¶ 33    We first observe that "[t]he doctrine of primary jurisdiction is a judicially created doctrine that is not technically a question of jurisdiction, but a matter of self-restraint and relations between the courts and administrative agencies." *Bradley v. City of Marion*, 2015 IL App (5th) 140267, ¶ 35. In other words, the doctrine does not independently provide jurisdiction. See *Segers v. Industrial Comm'n*, 191 Ill. 2d 421, 427 (2000) ("primary jurisdiction [doctrine] involves a question of timing, not of judicial competence to hear a particular case"). Thus, it is settled that the doctrine may be invoked only when a court has original or concurrent jurisdiction over the subject matter of the dispute. *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 2011 IL 111611, ¶ 43; *Skilling*, 163 Ill. 2d at 288; *People v. NL Industries*, 152 Ill. 2d 82, 95 (1992).

¶ 34    Under the primary jurisdiction doctrine, when "a court has jurisdiction over a matter, it should in some instances stay the judicial proceedings pending referral of a controversy, or some portion of it, to an administrative agency having expertise in the area." *Skilling*, 163 Ill. 2d at 288. The doctrine's purpose is " ' "promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties." ' " *Crossroads Ford Truck Sales, Inc.*, 2011 IL 111611, ¶ 43 (quoting *Skilling*, 163 Ill. 2d at 288, quoting *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 444 (1986)).

¶ 35    Consistent with that purpose, the primary jurisdiction doctrine allows for a matter to be referred from the circuit court to an administrative agency when the agency has specialized or technical expertise that would help resolve the controversy or when there is a need for uniform administrative standards. *Skilling*, 163 Ill. 2d at 288-89. Because the doctrine depends on the circumstances presented in each case, "[n]o fixed formula exists for applying the doctrine of primary jurisdiction; rather, in every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation." *Village of Itasca v. Village of Lisle*, 352 Ill. App. 3d 847, 853 (2004).

¶ 36    We now consider the circumstances presented here. West Bend filed in the circuit court a declaratory judgment complaint raising the legal question of whether West Bend owed its

- 6 -

insureds a duty to defend or indemnify in connection with Bernardino's pending IWCC proceeding. As the parties agree, and the appellate court similarly concluded (2019 IL App (2d) 180934, ¶ 25), there is no question that the circuit court shared concurrent jurisdiction with the IWCC for purposes of West Bend's declaratory judgment action. See *Skilling*, 163 Ill. 2d at 288-89 (holding that it is the particular province of the courts to resolve questions of law such as the one presented on coverage of workers' compensation insurance policy; administrative agencies are given wide latitude in resolving factual issues but not in resolving matters of law); see also *Continental Western Insurance Co. v. Knox County EMS, Inc.*, 2016 IL App (1st) 143083, ¶¶ 19-21 (under *Skilling*, the circuit court should resolve a declaratory judgment action involving construction of a workers' compensation insurance policy because it presents a question of law). Thus, the primary jurisdiction doctrine potentially applies to this dispute. *Crossroads Ford Truck Sales, Inc.*, 2011 IL 111611, ¶ 43.

¶ 37    Notably, however, West Bend does not advance any of the justifications recognized by this court for invoking the doctrine of primary jurisdiction. West Bend does not argue, for example, that a stay was necessary because its action required specialized or technical expertise or there was a need for uniform administrative standards. See *Skilling*, 163 Ill. 2d at 288-89 (identifying those factors as supporting application of the primary jurisdiction doctrine).

¶ 38    In fact, West Bend does not request the relevant relief available under the doctrine—the stay of a judicial proceeding in favor of resolution before an administrative agency having expertise in the area. *Skilling*, 163 Ill. 2d at 288. Rather, West Bend essentially requests the inverse application of the primary jurisdiction doctrine by urging this court to apply the doctrine to stay a pending administrative proceeding before the IWCC. This court, however, has never applied the doctrine to stay an administrative proceeding, let alone articulated a rationale for issuing such a stay.

¶ 39    The reason for this absence of authority is self-evident. Put simply, the rationale underlying the primary jurisdiction doctrine is inconsistent with an order staying an administrative proceeding. As the United States Supreme Court has explained, the doctrine is "specifically applicable to claims properly cognizable in court that contain some issue within the special competence of an administrative agency. It requires the court to enable a 'referral' to the agency, staying further proceedings so as to give the parties reasonable opportunity to seek an administrative ruling." *Reiter v. Cooper*, 507 U.S. 258, 268 (1993) (citing *United States v. Western Pacific R.R. Co.*, 352 U.S. 59, 63-64 (1956), *Ricci v. Chicago Mercantile Exchange*, 409 U.S. 289, 291, 302 (1973), and *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 65, 68 (1970)).

¶ 40    When that specific circumstance is present in the circuit court, the primary jurisdiction doctrine allows a trial court sharing jurisdiction with the agency over the matter to stay the judicial proceeding in favor of resolution of the pertinent issue before the administrative agency. *Skilling*, 163 Ill. 2d at 288-89. By deferring to the administrative agency on a technical or specialized issue, the doctrine acts to promote the " 'proper relationships between the courts and administrative agencies charged with particular regulatory duties.' " (Internal quotation marks omitted.) *Crossroads Ford Truck Sales, Inc.*, 2011 IL 111611, ¶ 43 (quoting *Skilling*, 163 Ill. 2d at 288). In the absence of those circumstances, though, the doctrine of primary jurisdiction is inapplicable. See *Village of Itasca*, 352 Ill. App. 3d at 853 (when deciding whether to apply the doctrine, the court must consider "whether the purposes it serves will be

aided by its application in the particular litigation"). The doctrine operates to facilitate, not delay or otherwise hinder, an administrative agency's resolution of a technical or specialized issue that requires administrative knowledge or expertise.

¶ 41 Accordingly, we conclude that a circuit court cannot rely on the primary jurisdiction doctrine to stay an administrative proceeding in the IWCC. We, therefore, overrule the appellate court's decision in *Hastings Mutual Insurance Co.*, 2012 IL App (1st) 101751, to the extent that it relied on the doctrine to direct the trial court to stay an IWCC proceeding. Here, the trial court erred as a matter of law when it relied on the doctrine to stay Bernardino's IWCC action, and its stay order issued on that basis must be reversed.

¶ 42 We observe that West Bend implicitly concedes that the primary jurisdiction doctrine, standing alone, does not authorize the circuit court's stay of an IWCC proceeding. Specifically, West Bend acknowledges in its reply brief that "the primary jurisdiction doctrine, while supporting the circuit court's decision to retain jurisdiction over the insurance coverage issue, does not provide the authority for the circuit court's stay order." West Bend asserts that the trial court's authority to enter a stay in this case is found in the Illinois Constitution's grant of jurisdiction to the circuit courts in article VI, section 9 (Ill. Const. 1970, art. VI, § 9). Citing our decision in *Ardt v. Illinois Department of Professional Regulation*, 154 Ill. 2d 138 (1992), West Bend contends that the circuit court possesses inherent equitable power to issue a stay pending judicial review that cannot be abridged by the legislature.

¶ 43 We decline to consider the merits of any alternative ground raised by West Bend in this court to justify the circuit court's order staying Bernardino's IWCC proceeding. The record demonstrates that the circuit court based its order to stay the administrative proceedings on its "primary jurisdiction" over the dispute raised in West Bend's declaratory judgment action. The record also shows that the trial court did not rely on any of the alternative justifications for a stay now raised by West Bend.

¶ 44 Under these circumstances, we believe a remand for further proceedings is warranted to allow the circuit court's original consideration of West Bend's alternative arguments for a stay, including any response from Bernardino to West Bend's position. See *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶¶ 52-56 (after clarifying the proper legal framework for deciding a contested issue, remanding to the circuit court for further proceedings to permit the parties to develop their respective arguments in that court). Similar to the appellate court, "we take no position as to what procedures, if any, are available to West Bend if it seeks to renew its motion in the circuit court to stay the IWCC proceedings." 2019 IL App (2d) 180934, ¶ 34.

¶ 45                                              III. CONCLUSION

¶ 46 For the reasons stated, we affirm the appellate court's judgment that reversed the circuit court's order staying the IWCC proceedings. We remand the cause to the circuit court for further proceedings consistent with this opinion.

¶ 47        Appellate court judgment affirmed.

¶ 48        Circuit court judgment reversed.

¶ 49        Cause remanded.